*763 OPINION OF THE COURT
Gloria Goldstein J.
The instant action presents issues as they relate to a defendant’s conviction and sentence where, as part of a negotiated plea bargain, defendant’s rights to appeal have been expressly and unequivocally waived.
Specifically, may a defendant who has waived his right to appeal, thereafter move to set aside his conviction on the ground that the statute providing the basis for his arrest and conviction has subsequently been ruled unconstitutional.
A subsidiary issue involved is whether a defendant may set aside his conviction where the court has imposed a lesser sentence than the one originally agreed upon between the attorneys — and consented to by the defendant — as a result of plea negotiations.
The defendant was charged in two separate indictments with violations of section 415-a of the Vehicle Traffic Law, criminal possession of stolen property in the fourth degree, illegal possession of vehicle identification numbers, and falsifying business records in the first degree.
These indictments were based upon evidence obtained during the course of two administrative searches of the business premises of City-Wide Auto Parts, a licensed automobile dismantler for which defendant served as manager. Detectives from the New York City Police Department’s Auto Crimes Division conducted the searches, recovering numerous stolen auto parts, and engines with defaced vehicle identification numbers (VIN), all located inside City-Wide’s yard.
The basis for the police entries onto the premises was provided in section 415-a (5) (a) of the Vehicle and Traffic Law, which specifically authorized police inspection of junkyards, dismantlers, and a variety of related businesses, as part of their licensing requirements and basic regulatory procedures.
In pretrial motions, defendant attacked the constitutionality of section 415-a, maintaining that the statute was violative of article I, § 12 of the New York State Constitution. At a combined Mapp/Huntley hearing conducted before another Justice of this court, the validity of the police entry was challenged on the ground that the underlying statute (§ 415-a) was in contravention of the State Constitution and required suppression of all evidence resulting from an entry made pursuant to this statute. The hearing court determined that the statute did not violate our State Constitution, citing those *764 legal reasons as outlined in New York v Burger (482 US 691), a United States Supreme Court decision which upheld section 415-a under the United States Constitution.
On February 19, 1991, the Appellate Division, Second Department, also upheld the constitutionality of section 415-a, reversing a Queens County Supreme Court decision in the case of People v Keta (165 AD2d 172, revg 142 Misc 2d 986). Leave to appeal to the Court of Appeals was granted (77 NY2d 912).
In the interim, this case proceeded to trial before another court in March 1991. Defendant was acquitted on one count, but the jury remained deadlocked on the remaining 13 counts, and a mistrial was thereafter declared.
On February 4, 1992, the case was transferred to this court for an immediate retrial. Plea negotiations prior to this point had been unsuccessful. The People sought a felony conviction in an effort to have defendant assessed a predicate felony offender. The defense asked for misdemeanors. It was the position of both parties that the defendant would continue to operate and/or manage City-Wide after the cases were concluded. Following the March 1991 mistrial, the original Trial Justice suggested two class A misdemeanors with probation with the further provision that, if the defendant violated probation or was rearrested, he would receive two one-year sentences to run concurrently. Although this preferred offer was acceptable to the defense, it was not acceptable to the People.
On February 4, 1992, this court suggested a plea negotiation substantially similar to the prior Justice’s offer, but with the added stipulation that defendant waive any and all rights of appeal.
All parties at that time were fully aware that the New York State Court of Appeals was considering the constitutionality of section 415-a in the Keta case (supra) and these plea negotiations, in fact, centered around whether the statute would be upheld.
On February 4, 1992, with the Keta case (supra) as yet undecided, the People offered the reduced plea suggested by this court, based however, on the defendant’s willingness to waive any and all rights of appeal. Defendant accepted the reduced plea, allocated to his guilt, and knowingly and voluntarily waived all rights to appeal, including specifically, his *765 right to appeal the decision of the prior Justice who had determined section 415-a to be constitutional.[1]
Approximately one month after defendant’s pleas and sentence, the Court of Appeals handed down its decision in People v Keta (79 NY2d 474), reversing the Second Department, and striking down section 415-a as unconstitutional under the New York State Constitution.
Defense counsel now brings the within motion to set aside defendant’s pleas and sentence.
Defense counsel maintains that inasmuch as defendant’s guilty pleas and the sentences upon such pleas were obtained during the direct appeal in People v Keta (supra), at a time when defense counsel had advised the court of the likelihood that section 415-a would be held unconstitutional, the defendant’s convictions should be set aside on the ground that they were obtained in violation of his rights under the New York State Constitution.
The court disagrees.
A defendant who, as part of a negotiated plea bargain, knowingly and voluntarily chooses to forfeit his right to appeal in order to obtain a more favorable disposition, should not be permitted to subsequently renege on his bargain — even where the statute which provided the evidence against him is thereafter ruled unconstitutional. The fact that constitutional rights are implicated does not, in and of itself, preclude enforcement of a waiver of the right to appeal.
Waivers of the right to appeal have previously been upheld for convictions and sentences (People v Seaberg, 74 NY2d 1), and waivers of the right to appeal suppression rulings have also been approved (People v Williams, 36 NY2d 829, cert denied 423 US 873; and see, People v Esajerre, 35 NY2d 463; *766 People v Irizarry, 32 AD2d 967, affd 27 NY2d 856; People v Stephens, 52 NY 306).
Suppression rulings uniformly interpret and apply constitutional rights; yet a defendant’s waiver of appeal is nonetheless and invariably upheld. There exists no legitimate distinction between constitutional infirmities in a statute as opposed to those contained in a Trial Judge’s ruling. Indeed, in this context, there is no quantitative or substantive difference between a Judge’s determination that police action during a search and seizure is unconstitutional, or a subsequent determination that a statute authorizing police action is itself unconstitutional. Both clearly involve constitutional rights, yet neither one constitutes a jurisdictional defect which would bar a lawful waiver of appellate rights (Menna v New York, 423 US 61; Tollett v Henderson, 411 US 258; People v La Ruffa, 34 NY2d 242, 245; People v Dwight S., 29 NY2d 172, 176; Matter of D., 27 NY2d 90, 98; People v Thomas, 74 AD2d 317, affd 53 NY2d 338; People v Lieberman, 79 AD2d 175, 178-179; People v Palmer, 63 AD2d 1090, 1091; People v Santiago, 51 AD2d 1).
The fact that the question raised on appeal is of a constitutional dimension does not necessarily determine its jurisdictional nature (People v Thomas, supra). Only those issues which actually concern defendant’s factual guilt of the crimes charged, or those which go to the very right of the State to hold a trial, act as a bar to waiver (Menna v New York, supra). For instance, double jeopardy claims (Menna v New York, supra), the competency of the defendant to stand trial (People v Armlin, 37 NY2d 167), or the constitutionality of the statute with which defendant is charged with violating[2] (Haynes v United States, 390 US 85), are all jurisdictional issues which preclude waiver. No such jurisdictional impediment exists in the case at bar.
Defendant’s knowing, intelligent, and voluntary waiver, neither coerced, nor entered under oppressive conditions, must be enforced.
In the case at bar, defendant was fully cognizant of the distinct possibility of a change in the law controlling his case, yet knowingly chose to bargain away this possibility in an effort to obtain a "better” disposition. Defendant was facing *767 substantial jail time on each of his indictments, but, as a direct result of his plea bargain, was sentenced to probation. Defendant thus entered into a bargain "with full knowledge of the consequences and with receipt of benefits under the bargain not otherwise available to [him]” (People v Santiago, supra, at 8). This, indeed, is the very essence of plea negotiations. Defendant and prosecutor, both uncertain of an outcome —in this case the viability of a controlling statute — negotiate and, by mutual concession, reach an agreement acceptable to both. This agreement provides a final disposition thus avoiding delays, uncertainties, and the potential risks of an adverse judgment.
"Nothing requires a defendant to seek a plea bargain and there is nothing coercive in leaving with the defendant the option to accept or reject a bargain if one is offered” (People v Seaberg, supra, at 8-9).
To allow a defendant to withdraw his plea after the very uncertainty which served as the basis for his receiving so lenient a disposition is ultimately resolved in his favor, would render the entire plea bargain process futile and without legal or factual worth.
"The negotiating process serves little purpose if the terms of 'a carefully orchestrated bargain’ can subsequently be challenged” (People v Seaberg, supra, at 10, quoting People v Prescott, 66 NY2d 216, 220).
As our Court of Appeals has noted, "[p]lea bargaining is now established as a vital part of our criminal justice system” and serves the public interest by permitting substantial conservation of prosecutorial and judicial resources as well as providing parties with the opportunity to avoid the delays and uncertainties of trial (People v Seaberg, supra, at 7).
In order for the system to function with some measure of efficiency, the parties must be held to the bargains they have made. Bargains fairly made must mark "the end of a criminal case, not a gateway to further litigation” (People v Taylor, 65 NY2d 1, 5).
Defendant’s claim that his conviction should be vacated in the interests of justice is entirely without merit. A defendant’s decision to waive appeal forecloses "interests of justice” review (People v Bourne, 139 AD2d 210, lv denied 72 NY2d 955), and, in any event, the unconstitutionality of section 415-a dealt solely with the right to search defendant’s premises, and *768 did not address defendant’s actual guilt or nonguilt of the crimes charged.[3]
Finally, defendant’s claim that his convictions must be vacated because his sentence was modified, as required by statute, from consecutive to concurrent three-year terms of probation (Penal Law § 65.15 [1]), is similarly without merit.
While "[i]t is fundamental that the breach of a promise made to induce a guilty plea entitles a defendant to either withdraw his plea or be resentenced” (People v Felman, 137 AD2d 341, 343), the lesser sentence did not serve to breach the plea agreement. The inability to impose consecutive sentences did not "undermine the very basis of the plea agreement since the benefits remained intact” (People v Henderson, 145 AD2d 676).
Defendant’s motion is denied in its entirety.

. Specifically the allocution stated:
"the court: In any event, there were hearings conducted on one of these indictments and there were findings of facts and conclusions of law that were made by a Judge on that indictment. Do you understand that?
"the defendant: Yes.
"the court: In pleading guilty now you are also giving up the right, you are waiving the right, to appeal that Court’s findings of fact and conclusions of law. Do you understand that?
"the defendant: Yes.
"the court: In other words, you are giving up every single right of appeal that you may have had.
"the defendant: Right.”

. The subdivision of the statute found unconstitutional in this case served merely as the predicate to obtain the evidence against defendant, but was not the section under which defendant was actually charged.

. At the time the police conducted their search, they were acting lawfully on the basis of a statute which, at that point, granted them an absolute authority to do so.