■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAMAL FARDAN, Appellant.—Judgment unanimously affirmed. Memorandum: This is an appeal from a judgment, upon a jury verdict, convicting defendant of murder in the second degree (depraved mind murder), criminal sale of a controlled substance in the third degree, criminal possession of a weapon in the third degree, and burglary in the second degree. At trial,

the court charged extreme emotional disturbance as a defense to the count of intentional murder. The court properly declined to charge that defense to the count of depraved mind murder. That defense is applicable only to reduce the charge of intentional murder (Penal Law § 125.27 [2] [a]; § 125.25 [1] [a]; *People v Watson,* 156 AD2d 403, 404, *lv denied* 75 NY2d 925; *People v Wingate,* 72 AD2d 955).

Contrary to defendant's contention, the *Sandoval* hearing was not held in defendant's absence. The record indicates that, although defendant's criminal record, consisting of two convictions, was provided to the court in defendant's absence, no arguments were made at that time concerning the use of defendant's prior convictions for impeachment purposes and no decision was rendered. Later, in defendant's presence, the two convictions were discussed and the court, for the first time, precluded the use of one conviction on cross-examination of defendant, but permitted the use of the other.

The trial court properly admitted into evidence the videotape recording of the victim's body to prove some of the wounds inflicted upon the victim and to corroborate defendant's admission to the police *(see, People v Pobliner,* 32 NY2d 356, 369-370, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905).

We reject defendant's contention that the prosecutor erred in cross-examining defendant's expert witness by asking him whether defendant stated that he had forcibly stolen property. Although the prosecutor was precluded from using the conviction and the underlying acts to impeach defendant, he was not precluded from using it, if admissible, for another purpose. Defendant's expert witness testified that, based on his examination of defendant, defendant was not a violent person. Thus, the prosecutor's question about defendant's commission of a robbery, a violent crime, was proper to impeach the witness's testimony concerning defendant's character.

Although the prosecutor improperly cross-examined defendant at the *Huntley* hearing concerning the truth of the matters in his statement to the police and made use of that testimony in cross-examining defendant at trial, no proper objections were made. Thus, that issue has not been preserved for appellate review.

We conclude that defendant's sentence is not harsh or excessive. (Appeal from Judgment of Oneida County Court, Murad, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Boomer, Green, Lawton and Boehm, JJ.