■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DENNIS L. BENEDICT, Appellant. [609 NYS2d 100] —Yesawich Jr., J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered August 12, 1992, upon a verdict convicting defendant of the crime of murder in the second degree.

Having reported to the Town of Schodack Police in Rensselaer County that his estranged wife, Leslie Benedict, was missing, defendant went to the police station to fill out missing person forms. After some questioning, he agreed to go to the State Police barracks to assist further with the investigation. While there, defendant agreed to take a polygraph test and, following some discussion with the polygraph operator, he confessed to having strangled his wife and hidden her body. Defendant was arrested and subsequently indicted on charges of intentional murder and depraved mind murder. At trial—in an attempt to prove that he was acting under extreme emotional disturbance as a defense to the intentional murder charge—defendant explained that he had been arguing with his wife over her suggestion that they separate. He maintained that her remark that he "made her skin crawl" made him so angry and caused such emotional hurt that he lost control of himself. Found guilty of depraved mind murder and sentenced to an indeterminate term of incarceration of 25 years to life, defendant appeals.

A primary argument advanced by defendant is that County Court erred in refusing to instruct the jury on the details of the legal meaning of intent and that, had the jury been properly instructed, it might have concluded that he had intentionally killed his wife and then gone on to find that his emotional state at the time of the killing warranted reducing the verdict to manslaughter in the first degree (see, Penal Law § 125.25 [1] [a]). He argues that the jury was foreclosed from considering the defense of extreme emotional disturbance, the only defense raised, because County Court failed to properly instruct the jury that it could infer intent from defendant's actions. No such instruction was requested, however, and we find unconvincing the insinuation that County Court's failure to specifically instruct the jury that a person intends a result, here, the victim's death, "when his conscious objective is to cause such result" (Penal Law § 15.05 [1]), would have had any impact on this verdict. In our view, the charge adequately set forth the elements of intentional murder.

As for defendant's claim that County Court erred in its instructions regarding the affirmative defense of extreme emo-

tional disturbance, it suffices to note that any error in this respect is substantively insignificant *(see, People v Drake,* 170 AD2d 457, 458), for the jury acquitted him of intentional murder, the only charge to which that defense applies *(see,* Penal Law § 125.25 [1], [2]; *People v Fardan,* 188 AD2d 1012, 1013, *affd* 82 NY2d 638).

Lacking in merit also is defendant's argument that his statement should have been suppressed as the product of coercion. Although defendant confessed to the murder after agreeing to submit to a polygraph examination, no such examination was ever administered, and it is not claimed that the polygraph operator to whom defendant confessed accused defendant of lying or intimated that the machine was infallible *(see, People v Riggins,* 161 AD2d 813, 814, *lv denied* 76 NY2d 863; *cf., People v Leonard,* 59 AD2d 1, 14-15). Furthermore, the evidence elicited at the suppression hearing provides no support for these claims, and as for the evidence adduced at trial respecting defendant's assertions that he was threatened and promised a lenient sentence, and that he requested and was denied counsel, his version of what occurred merely presented a credibility issue which the jury could reasonably have rejected in favor of the accounts presented by the officers involved.

It is also urged by defendant that County Court erred in accepting the jury's verdict of "not guilty" on count one, which charged intentional murder, without first requiring an explicit statement that defendant had been found not guilty of the lesser included offense of manslaughter in the first degree. The jury was properly instructed as to the order in which to consider the charges, and there is no indication that they in fact failed to follow County Court's instructions. In any event, the mere failure to follow instructions as to the order of deliberation does not require resubmission of the case to the jury in the absence of a verdict—not present here—which is confusing as to the jury's intention or contains inconsistent or repugnant decisions *(see, People v Robinson,* 45 NY2d 448, 452).

Defendant's other contentions are equally unavailing. When considered in the light most favorable to the People, the evidence establishes not only that defendant strangled his wife for between two and five minutes, during which time she was struggling and eventually turned white and became limp, but also that he beat her prior to her death. This provides ample support for the jury's conclusion that he acted in a manner which presented a grave risk of death, and con-

sciously disregarded that risk, under circumstances evidencing a depraved indifference to human life *(see, People v Stevens,* 51 AD2d 659, 659-660). Finally, given the heinous nature of the crime, defendant's calculated attempt to hide what he had done and his apparent lack of remorse, the sentence imposed is neither harsh nor excessive.

Mikoll, J. P., White and Casey, JJ., concur. Ordered that the judgment is affirmed.