◼ The People of the State of New York, Respondent, v Brian Hilligas, Appellant. [738 NYS2d 274] —Appeal from a judgment of Supreme Court, Erie County (Buscaglia, J.), entered March 25, 1999, convicting defendant upon his plea of guilty of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [2]), defendant contends that Supreme Court erred in accepting his plea without conducting further inquiry concerning a possible defense of intoxication (*see generally, People v Lopez,* 71 NY2d 662, 666). That contention lacks merit, inasmuch as intoxication is not a defense to a crime based on the culpable mental state of recklessness (*see, People v Regis-*

*ter,* 60 NY2d 270, 276-279, *cert denied* 466 US 953; *People v Johnson,* 277 AD2d 702, 704, *lv denied* 96 NY2d 831; *People v Williams,* 186 AD2d 770, *lv denied* 81 NY2d 767; *People v Moquin,* 142 AD2d 347, 352; *see generally,* Penal Law § 15.05 [3]). Defendant further contends that he received ineffective assistance of counsel based on the failure of defense counsel to pursue the affirmative defense of extreme emotional disturbance. Even assuming, arguendo, that the contention of defendant survives his guilty plea (*see, People v Brown,* 284 AD2d 904, *lv denied* 96 NY2d 916), we conclude that it lacks merit. Extreme emotional disturbance is not a defense to a charge of depraved indifference murder (*see, People v Fardan,* 82 NY2d 638, 643-644; *People v Benedict,* 202 AD2d 758, 759-760, *lv denied* 83 NY2d 964; *People v Haley,* 195 AD2d 873, 875, *lv denied* 82 NY2d 896). The remaining contentions of defendant are encompassed by his comprehensive waiver of his right to appeal (*see, People v Kemp,* 94 NY2d 831, 833; *People v Muniz,* 91 NY2d 570, 574-575; *see also, People v Moissette,* 76 NY2d 909, 911-912). Present—Hayes, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.