*455 OPINION OF THE COURT
Peter L. Broderick, J.
The defendant has made a motion pursuant to section 440.10 (1) (b), (c), (d), (f) and (h) of the Criminal Procedure Law seeking to have a prior conviction and sentence from 2003 vacated.
Coram nobis, or a CPL article 440 motion, is a motion of last resort. It is a failsafe mechanism devised by the law to enable a defendant to have (if he can convince a judge that his claim may have merit) an opportunity for a review when absolutely no other avenue of review lies — or ever laid — open to him.
Precisely for this reason, the statute makes it the court’s first order of business, upon receipt of such an article 440 motion, to determine if “Notwithstanding the provisions of subdivision one, the court must deny [the] motion to vacate a judgment.” (See CPL 440.10 [2] [emphasis added].)
Paragraph (b) of CPL 440.10 (2) indicates one such circumstance that so mandates a denial without a hearing, which is “when: ...(b) The judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal.”
Defendant’s case here is currently pending appeal upon a notice filed May 26, 2004. All issues raised in the motion should be adequately preserved in the record and available for such normal appellate review as may remain. For this reason, this article 440 motion must be denied and no hearing is necessary in this matter.
The defendant’s article 440 motion is denied in all respects.
Additionally it should be noted that defendant entered guilty pleas to two separate accusatory instruments. He was originally charged with the class D felony of third degree criminal possession of a weapon under indictment No. 2002-434 and with the class E felony of possession of a sexual performance by a child under SCI No. 2002-434 (A). (He admitted a prior sexual misconduct [an A misdemeanor] conviction from Erie County in 1991 [plea transcript, at 11, line 20; and see Nov. 20, 2002 information pursuant to CPL 200.60] and to an additional prior sexual conviction in his past [sentence transcript, at 16, line 19; plea transcript, at 15, line 11].) He could have received a maximum of seven years on the first and four years on the second, consecutively — yielding a total maximum of 11 years.
*456 Defendant, represented by able and experienced counsel, was able to negotiate a plea to two class E felonies. He received a sentence of 1 to 3 years on both pleas, consecutively — yielding a total maximum of six years on June 13, 2003.
As part of his plea, the defendant waived his rights to appeal. Such waivers are reflected in both the transcripts of the pleas (plea transcript, at 5, line 3; at 9, line 22; at 14, line 8; at 21, line 24) and the sentencing (sentence transcript at 10, line 8), as well as in two separate written waivers, one for each case.
As the plea transcripts confirm, this defendant’s pleas were knowingly and voluntarily entered after being fully advised of all his rights. He made his decisions to plead guilty after full consultation with counsel. He expressly and repeatedly indicated his satisfaction with counsel’s representation (plea transcript, at 6, line 15; at 8, line 24; at 20, line 14; at 21, line 6). These pleas were voluntary. His waivers of his appeal rights were likewise voluntary. (See, People v Leroy, 308 AD2d 639 [3d Dept 2003]; People v Korona, 197 AD2d 788 [3d Dept 1993].)
When a defendant knowingly, intelligently, and voluntarily waives his right to appeal as part of a plea agreement, such waiver will be given full force and effect (People v Aponte, 212 AD2d 157, 159 [2d Dept 1995]). The only appeal rights he retains, despite such valid waiver, are strictly limited to those rare instances that violate a statute or contravene a public policy and are jurisdictional in nature, affecting the very organization of the court or the mode of proceedings prescribed by law. The cases indicate that this includes the right to challenge the legality of the sentence (for example, if the court imposes a sentence beyond the maximum allowed by law), the right to challenge a violation of the constitutional right to a speedy trial and the right to challenge his competency to stand trial. (See, People v Seaberg, 74 NY2d 1 [1989]; People v Muniz, 91 NY2d 570, 574 [1998]; People v Hansen, 95 NY2d 227, 231 n 2 [2000]; also cf., People v Jandrew, 101 AD2d 90 [3d Dept 1984] [suppression arguments cannot be raised after waiver of appeal]; accord, People v Haupt, 16 AD3d 1079 [4th Dept 2005]; People v Bennett, 12 AD3d 1177 [4th Dept 2004]; People v Simms, 269 AD2d 788 [4th Dept 2000].) All other claims are extinguished by a valid waiver of appeal (cf., People v Hilligas, 291 AD2d 926 [4th Dept 2002]; People v Marziale, 182 AD2d 1035 [3d Dept 1992]).
By filing this CPL article 440 motion, the defendant is attempting to circumvent his waiver of appeal and do indirectly what he cannot do directly. Although not the same as an appeal *457 in many ways, for these purposes an article 440 motion (like other postjudgment relief vehicles) “is in the nature of an appeal” (People v Ramsey, 2001 NY Slip Op 50142[U], *2 [Sup Ct 2001]) since it asks for a review after conviction of determinations made prior to conviction in an attempt to undermine the conviction.
The same rationale that has led the courts to conclude that a valid appeal waiver eliminates a defendant’s right to raise most issues on appeal applies with equal force to article 440 motions. A plea is a bargain fairly made that should signal an end to litigation, not a beginning (People v Seaberg, 74 NY2d 1, 7-8 [1989]). The final and prompt conclusion of litigation is an important goal of public policy in criminal as well as civil litigation. The negotiating process serves little purpose if the terms of a carefully orchestrated bargain can subsequently be challenged (see, People v Prescott, 66 NY2d 216, 220 [1985], cert denied 475 US 1150 [1986]). As a rule, a defendant who in open court admits guilt of an offense charged may not later seek review of claims relating to the deprivation of rights that allegedly took place before the plea was entered. This is so because a defendant’s conviction rests directly on the sufficiency of his plea, not on the legal or constitutional sufficiency of any proceedings that might have led to his conviction after trial. {See, People v Hansen, 95 NY2d 227, 230 [2000].) In most situations, the courts should honor such waivers, which foreclose postjudgment review of all claims that might be raised on appeal, except, of course, those categories of claims that survive such waivers under our case law. Doing so gives full and fair effect to the negotiated plea and appeal waiver and gives district attorneys the full benefit of the bargain to which they consented, consistent with the long-standing principle underlying judicial recognition of appeal waivers that bargains fairly made should signal an end to litigation, rather than a gateway to further litigation. (See, People v Clow, 10 AD3d 803 [3d Dept 2004]; People v Gertz, 154 Misc 2d 762 [Sup Ct, Kings County 1992].)
For all of these reasons, this court holds that the defendant cannot attack his plea conviction by the vehicle of a CPL article 440 motion once he has validly waived his appeal rights, unless the argument sought to be raised in the article 440 motion either is one that legally survives the waiver of appeal such that it can be lawfully raised on an appeal, advances a claim of newly-discovered evidence, advances a claim of postjudgment change in the relevant law, or advances claims that cast doubt upon the *458 voluntariness of the plea itself. If precluded on appeal, the issue is equally precluded on an article 440 motion.
Every argument here advanced by the defendant was waived by the express terms of the pleas entered.
This court further rejects, as totally without merit, defendant’s contention that he received ineffective assistance of counsel. The main inquiry in determining if a defendant has received ineffective assistance of counsel is whether the defendant received meaningful representation. Viewing the record as a whole and in light of the favorable plea bargain negotiated for the defendant, it is apparent that this defendant received effective assistance of counsel. In light of defendant’s prior history and the enormous risk that a trial would result in a substantially longer prison term, it cannot be said that defense counsel’s tactical choice recommending that defendant plead guilty and accept a lesser prison sentence amounted to ineffective assistance of counsel. Moreover, defendant explicitly stated that he was completely satisfied with the representation he received at the time the terms of the plea arrangement were stated on the record. (See, People v Chevalier, 226 AD2d 925, 928-929 [3d Dept 1996]; People v White, 300 AD2d 830 [3d Dept 2002]; also cf., People v Satterfield, 66 NY2d 796 [1985].)
Even when this court considers the substance of the claims made, despite such appeal waivers, it finds that they are all meritless. Defendant’s assertions in support of the CPL article 440 motion are purely speculative in nature, and are substantiated only by his own self-serving affidavit. (See, People v Chevalier, 226 AD2d 925, 927 [3d Dept 1996].) Mere conclusory allegations are alone insufficient to require a trial court to conduct an evidentiary hearing for the purpose of resolving those accusations. (People v Brown, 56 NY2d 242, 246-247 [1982], rearg denied 57 NY2d 673 [1982]; People v Session, 34 NY2d 254 [1974]; People v Bacchi, 186 AD2d 663, 664-665 [2d Dept 1992], lv denied 81 NY2d 760 [1992], habeas corpus denied sub nom. Bacchi v Senkowski, 884 F Supp 724 [1995], affd 101 F3d 683 [1996]; People v Ingram, NYLJ, Nov. 16, 1999, at 27, col 4.) For this reason, too, they are denied.
Since he is not entitled to a hearing, the defendant is likewise not entitled to appointment of public counsel to represent him on this CPL article 440 motion. (See, People v Richardson, 159 *459 Misc 2d 167 [Sup Ct, Kings County 1993]; People v Ramsey, 2001 NY Slip Op 50142[U] [Sup Ct, Bronx County 2001]; County Law § 722 [4].)