(April 16, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HANLEY, Appellant. [671 NYS2d 555] —Mercure, J. P. Appeals (1) from a judgment of the County Court of Schenectady County (Reilly, Jr., J.), rendered March 29, 1995, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree, and (2) by permission, from an order of said court (Eidens, J.), entered May 15, 1997, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction without a hearing.

On March 15, 1995, defendant entered a counseled plea of guilty to a single count of attempted assault in the second degree in full satisfaction of a 10-count indictment charging him and two other Schenectady County Jail inmates with various crimes arising out of an April 28, 1994 uprising at the jail. Sentenced in accordance with the plea bargain as a second felony offender to a prison term of 2 to 4 years, defendant now appeals the judgment of conviction and, by permission, County Court's order denying his subsequent motion pursuant to CPL 440.10 to vacate the judgment of conviction. We are unpersuaded by defendant's assertions of error and therefore affirm both the judgment and order appealed from.

Turning first to the direct appeal, we reject the contention

that defendant's plea of guilty was involuntary. During the course of the plea proceeding, defendant gave sworn testimony on the record indicating that he was entering his plea of guilty freely and voluntarily, that nobody had threatened him to cause him to enter the plea and that he had a full and ample opportunity to speak with his attorney about his plea of guilty. In fact, at the time of his guilty plea, defendant was accompanied not only by his assigned attorney but also by another attorney who was representing him in connection with a civil action against Schenectady County. The record indicates that defendant consulted with both of his attorneys before entering his guilty plea. Finally, the record shows that County Court fully advised defendant of the consequences of his plea and defendant indicated his complete understanding. In our view, the record reflects that defendant's plea represented " 'a voluntary and intelligent choice among the alternative courses of action open to [him]' " (*People v Ford*, 86 NY2d 397, 403, quoting *North Carolina v Alford*, 400 US 25, 31). We are not persuaded otherwise by defendant's statement: "I just want to plead guilty for the part that I took place [*sic*] in there in the fifth count and that I want to hurry up and get out of Schenectady County Jail, because I do not want to stay there because of what happened, and I want to hurry up and get back to my facility and continue with my program there." We read this statement as evidencing nothing more than defendant's regret about his participation in the jail uprising and preference that he be housed in Elmira Correctional Facility in Chemung County, where he had been assigned prior to the subject incident and expected to return following the disposition of the current indictment.

On the subsequent motion brought pursuant to CPL 440.10 (1) (f) and (h), defendant averred that on the day of the uprising he was "savagely beaten" and removed to another portion of the jail where he remained for several weeks without clothing, mail, phone calls or visits and was beaten on several occasions. Defendant continues that, because of his "fear for [his] life during each moment [he] spent at the jail during the pendency of this action" and also because of his assigned attorney's admitted lack of trial preparation, he "felt that [he] had no choice but to plead guilty and hope to be removed from the jail before [he] was killed". We are not persuaded that these averments are sufficiently probative to have mandated a hearing on the motion pursuant to CPL 440.30 (5). First, it is our view that defendant's mistreatment immediately following the uprising, even if established, was too remote in time to have reasonably impacted on the voluntariness of the guilty

plea he entered nearly a year later. It is significant, we believe, that defendant's affidavit identifies no incident of mistreatment or other coercive conduct during the 10 months immediately preceding the plea. The further allegations of misconduct by defendant's assigned counsel, made solely by defendant and unsupported by any other affidavit or evidence (CPL 440.30 [4] [d]), were contradicted by the record of the plea proceeding and strike us as patently false (*see, People v Brown*, 235 AD2d 563, 565, *lv denied* 89 NY2d 1032; *People v Santiago*, 227 AD2d 657, 658; *People v Risalek*, 172 AD2d 870, 871, *lv denied* 78 NY2d 1080).

As a final matter, we reject the contention that defendant was denied effective assistance of counsel. To the contrary, the record establishes that defendant's assigned trial counsel made appropriate, persuasive and at least partially successful pretrial motions, conducted discovery, participated in *Sandoval* and *Ventimiglia* hearings and negotiated a favorable plea bargain (*see, People v Baldi*, 54 NY2d 137, 147; *People v McLean*, 243 AD2d 756, 757-758).

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.