■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HANLEY, Appellant. [682 NYS2d 245] —Mercure, J. Appeal, by permission, from an order of the County Court of Schenectady County (Eidens, J.), entered March 11, 1998, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal possession of a weapon in the third degree, without a hearing.

On May 20, 1994, defendant entered a counseled plea of guilty to a single count of criminal possession of a weapon in the third degree and received a prison term of 3½ to 7 years. In November 1997, defendant moved pursuant to CPL 440.10 to vacate the judgment, alleging that because of a prison uprising that occurred on April 28, 1994 involving prisoners and guards, his plea of guilty was coerced and involuntary. County Court denied defendant's motion without a hearing and, by permission of this Court, defendant appeals.

As a result of the prison tumult that occurred in April 1994, defendant was subjected to abuse by certain prison guards. Defendant asserts that his guilty plea was motivated by his fear of the prison guards as generated by this abuse.

It is well settled that a guilty plea will be upheld if it was entered knowingly, voluntarily and with an understanding of the consequences thereof (*see, People v Moissett*, 76 NY2d 909, 910-911), especially when the defendant makes a complete factual allocution in the presence of counsel and after the trial court apprises the defendant of the consequences of his plea (*see, People v Martin*, 240 AD2d 5, 8, *lv denied* 92 NY2d 856). Before defendant's plea was accepted by County Court, defendant was asked a litany of questions during his allocution, including whether he was pressured or coerced into making the plea by anyone. Defendant replied that his plea was free

and voluntary. Moreover, the court advised defendant as to the consequences of his plea and defendant acknowledged that he understood (*see, People v Ford*, 86 NY2d 397).

Defendant has failed to establish that any abuse that occurred by prison guards induced or coerced him into unwillingly making his plea of guilty, even though the plea was made only three weeks after the abuse occurred (*compare, People v Hanley*, 249 AD2d 680, *lv denied* 92 NY2d 898). Defendant made no mention whatsoever to any court, prison official or medical personnel regarding this abuse that had, according to defendant, been continuing up until his plea hearing; defendant made no request to be removed from the jail where the abuse was occurring (*compare, People v Flowers*, 30 NY2d 315). Most significantly, we note that defendant's motion to vacate the judgment was made more than three years after his plea was made. In our view, defendant's claim that the abuse induced his silence and coerced his plea is undermined by the fact that defendant delayed for such a substantial period of time before moving to vacate the judgment, especially considering that during this three-year time period, the prison guards who had abused him were no longer a threat to defendant. Accordingly, we reach the conclusion that County Court did not abuse its discretion in denying defendant's motion (*see, People v Fiumefreddo*, 82 NY2d 536; *People v Griffin*, 73 AD2d 629).

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed.