■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSE NALLS, Appellant. [732 NYS2d 201] —Judgment unanimously affirmed (*see, People v Hidalgo*, 91 NY2d 733, 737). (Appeal from Judgment of Niagara County Court, Broderick, Sr., J.—Course of Sexual Conduct Against Child, 2nd Degree.) Present—Pine, J. P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REESEIE NASH, Appellant. (Appeal No. 1.) [732 NYS2d 201] —Judgment unanimously affirmed. Memorandum: Defendant appeals from two judgments convicting him, upon his respective pleas of guilty, of criminal possession of stolen property in the fourth degree (Penal Law § 165.45) and attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [7]). With respect to the plea in appeal No. 1, we conclude that County Court did not abuse its discretion in refusing to permit defendant to withdraw his plea where, as here, "his bare claim[s] of innocence w[ere] unsupported by the record and contrary to his admission[s] during the plea proceeding" (*People v Falaro*, 284 AD2d 972; *see, People v Burroughs*, 224 AD2d 1034, 1034-1035, *lv denied* 88 NY2d 845; *People v Mercedes*, 171 AD2d 1044, 1044-1045, *lv denied* 77 NY2d 998). Contrary to defendant's contention in appeal No. 2, "[t]he mere fortuity that a physical injury was not inflicted is no defense to the charge[ ] of attempted assault" (*People v Early*, 85 AD2d 752, 753; *see, People v Delgado*, 167 AD2d 181, 182, *lv denied* 77 NY2d 905). We reject the further contention of defendant that he should have been permitted to withdraw his pleas of guilty because they were entered under duress. Defendant's belated and conclusory assertion of duress based on an alleged beating in the holding center has no support in the record and thus the court properly denied the motion of defendant to withdraw his guilty pleas (*see, People v Lindsey*, 283 AD2d 782; *cf., People v Flowers*, 30 NY2d 315, 317). (Appeal from Judgment of Erie County Court, DiTullio, J.—Criminal Possession Stolen Property, 4th Degree.) Present—Pine, J. P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REESEIE NASH, Appellant. (Appeal No. 2.) [732 NYS2d 202] —Judgment unanimously affirmed. Same Memorandum as in *People v Nash* (288 AD2d 937 [decided herewith]). (Appeal from Judgment of Erie County Court, DiTullio, J.—Attempted Assault, 2nd Degree.) Present—Pine, J. P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY JURGENSEN, Appellant. [732 NYS2d 815] —Judgment unani-