■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. POWELL, Also Known as KEITH HUMPRHEY, Also Known as WIL, Appellant. [750 NYS2d 192] —Lahtinen, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered February 25, 2000, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

County Court appointed defense counsel to represent defendant in connection with an indictment charging him with criminal sale of a controlled substance in the third degree. Prior to trial, defendant made a pro se motion to dismiss the indictment on the basis that a photograph used to identify him as the perpetrator of the crime was obtained in violation of the Fourth Amendment to the United States Constitution. Following service of the People's response to the motion, defense counsel advised the court that although she had not submitted anything in writing, she was continuing to move to preclude identification testimony based upon the People's failure to comply with CPL 710.30. Before the motion was decided, however, defendant entered a plea of guilty to attempted criminal sale of a controlled substance in the third degree in full satisfaction of the indictment, a pending robbery charge and other uncharged drug-related crimes. Defendant was sentenced as a second felony offender to a prison term of 3 to 6 years and now appeals.

Defendant's sole contention on appeal is that he was deprived of the effective assistance of counsel. This claim, however, is not preserved for our review because defendant did not move to withdraw his guilty plea or vacate the judgment of conviction (*see People v Church*, 287 AD2d 788, 788, *lv denied* 97 NY2d 680; *People v Goodings*, 277 AD2d 725, 725-726, *lv denied* 96 NY2d 735). Nevertheless, were we to consider it, we would find it to be without merit. Notwithstanding defendant's assertion to the contrary, defense counsel adequately pursued the photo identification issue by, in effect, endorsing the position taken by defendant in his pro se motion and further arguing

lack of compliance with CPL 710.30. Moreover, the record does not substantiate defendant's claim that his counsel did not maintain adequate contact with him and was not attentive. Although defendant voiced these concerns during the proceedings, defense counsel indicated that it was the first she had heard of it and County Court declined to appoint new counsel as a result. Overall, the record discloses that defense counsel engaged in proper pretrial discovery, made appropriate motions, competently advocated for her client and negotiated a favorable plea bargain. Consequently, we find that he was provided meaningful representation (*see People v Hanley*, 249 AD2d 680, 682, *lv denied* 92 NY2d 898; *People v Diaz*, 240 AD2d 961, 961-962).

Mercure, J.P., Crew III, Spain and Rose, JJ. Ordered that the judgment is affirmed.