■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON BAKSH, Appellant. [906 NYS2d 146]—

Cardona, P.J. Appeal, by permission, from an order of the County Court of Sullivan County (LaBuda, J.), entered March 23, 2009, which denied defendant's motion pursuant to CPL

---

440.10 to vacate the judgment convicting him of the crime of criminal possession of a controlled substance in the fifth degree, after a hearing.

In 2004, defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree and was sentenced to six months in jail with five years of probation. More than a year after his release from custody, he moved to vacate his conviction on the ground that he was coerced to plead guilty by his codefendant and other inmates at the jail where he was held prior to his plea. Following a hearing at which several witnesses, including defendant and his codefendant, Harmeen Nix, testified, County Court denied the application. Defendant now appeals, and we affirm.

We agree with County Court that defendant has not demonstrated that he was under duress at the time of the plea. The transcript of the plea colloquy reveals that when asked whether he was being forced, threatened or coerced to plead guilty, defendant expressly answered "No." Although he now contends that Nix and certain of Nix's friends—who were inside the jail with defendant—pressured him to plead guilty so that Nix would be absolved, he admits that at no time prior to his plea did he mention any threats or coercion to his attorney, the District Attorney, the correction officers, or the court (*see People v Hanley*, 255 AD2d 837, 838 [1998], *lv denied* 92 NY2d 1050 [1999]). He claims that he kept silent because he believed no one could help him while he was confined in the jail; however, we note that he waited more than a year after his release before making this motion (*see id.*).

At the CPL article 440 hearing, defendant sought to admit tape recordings—and partial transcripts thereof—made by him of conversations he had with Nix and others after he was released from custody that purportedly prove his claims of duress. After initially reserving decision on the People's objections, County Court ultimately refused to admit that evidence. As the tapes were indisputably hearsay, were not authenticated (*see People v Ely*, 68 NY2d 520, 527-528 [1986]; *People v Bell*, 5 AD3d 858, 861 [2004]) and, in any event, the tape-recorded individuals were called to testify at the hearing, we find no error in the court's ruling. Defendant's remaining contentions have been considered and found to be similarly unavailing.

Mercure, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed.