Garry, J.
Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 6, 2011, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.
In June 2010, defendant and his brother, codefendant Colby Sylvan, were indicted on charges of burglary in the first degree, assault in the second degree, robbery in the first degree, robbery in the second degree (two counts), unlawful imprisonment in the first degree, and grand larceny in the fourth degree.* On the scheduled trial date, defendant appeared before County Court jointly with his brother, who was represented by separate counsel. In the course of jury selection, a plea agreement was reached, by which both men pleaded guilty to attempted robbery in the first degree in satisfaction of the indictment. As the allocution began, defendant stated in response to questioning that he had taken unspecified “[m]edication for [his] mental illness” and was not really “thinking clearly.” County Court then indicated that the guilty plea could not be accepted under those circumstances, and defendant immediately responded that he *870 was thinking clearly. The court conducted a thorough inquiry, including questioning both counsel and defendant’s mother as to defendant’s mental state based upon their conversations with him, and determined that the proceedings could continue. Defendant thereafter waived his right to appeal and pleaded guilty to attempted robbery in the first degree.
Upon the scheduled sentencing date, the matter was adjourned after counsel informed County Court that he would be submitting a motion to withdraw the plea on defendant’s behalf. At the adjourned sentencing date, counsel advised that following review he had no good faith basis upon the statute or case law to present such a motion. County Court subsequently inquired whether defendant wanted to make any statement before sentencing, and defendant asserted that he did not want to go forward, but instead wanted to take back his plea on the ground that he was on medication and “wasn’t in [his] right state of mind and [he] was coerced to plead guilty [by his mother and counsel].” Defendant expressed innocence and requested a different attorney to pursue a withdrawal motion. This request was denied after further questioning by the court, including a detailed review of the plea transcript. The court further noted that, to the extent that the exchange could “be considered a motion to withdraw the plea, it is denied.” Thereafter, defendant was sentenced in accord with the plea agreement, and as a second violent felony offender, to nine years in prison followed by five years of postrelease supervision. Defendant appeals.
Defendant contends that his guilty plea was involuntary based upon the ineffective assistance of counsel and actual innocence, and that County Court erred in not granting his motion to withdraw his plea and refusing to assign new counsel to pursue that motion on his behalf. “In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel” (People v Carmona, 66 AD3d 1240, 1242 [2009], lv denied 14 NY3d 799 [2010] [internal quotation marks and citations omitted]). Here, the plea was clearly advantageous — defendant’s plea and negotiated sentence represented a significant reduction from what he risked if convicted upon another of the multiple counts charged. Contrary to defendant’s argument, the grand jury testimony of the two victims does not support his assertion that he was merely present as a bystander at the scene of the crime; rather, his conviction upon the attempted robbery charge was well supported by the evidence. Review of the record reveals that counsel was effective in his representation of defendant throughout the proceedings (see People v Fink, 97 AD3d 974, 976 [2012]).
*871 Further, defendant now contends that his mental difficulties arose from conditions of depression and bipolar disorder, for which he had been receiving treatment. Such conditions do not necessarily render a defendant unable to enter a knowing, voluntary and intelligent plea, and here County Court’s thorough inquiry adequately demonstrated that defendant was fully able to understand the proceedings (see People v Flynn, 92 AD3d 1148, 1151 [2012], lv denied 19 NY3d 996 [2012]; People v Mack, 90 AD3d 1317, 1321 [2011]).
Finally, we find that defense counsel’s statement — made prior to any pro se motion by defendant to withdraw his plea — that he had no basis for a motion to withdraw the plea did not result in counsel taking a position on defendant’s pro se motion which was adverse to his client. Assigned counsel is not required to make or assist in such a motion. Notably, counsel did not interfere nor affirmatively undermine defendant’s subsequent effort to seek such relief and, significantly, defendant’s pro se application was subsequently thoroughly explored by County Court (see People v Trombley, 91 AD3d 1197, 1202 [2012], lv denied 21 NY3d 914 [2013]; People v Hutchinson, 57 AD3d 1013, 1015 [2008], lv denied 12 NY3d 817 [2009]; compare People v McCray, 106 AD3d 1374, 1375 [2013]). The record establishes a substantial basis for County Court’s denial of the request for substitution of counsel and withdrawal of the plea (see People v Linares, 2 NY3d 507, 511-512 [2004]).
Defendant’s remaining contentions have been examined and found to be without merit.
Rose, J.P., Stein and Spain, JJ., concur. Ordered that the judgment is affirmed.

 Defendant’s brother was charged with an additional count of unlawful imprisonment, relative to a separate victim.