# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**542**

**KA 10-01640**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                       MEMORANDUM AND ORDER

RONALD M. MUNOZ, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered May 27, 2010. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). Defendant contends that County Court erred in failing to determine whether he should be afforded youthful offender status. We agree.

"Upon conviction of an eligible youth, the court must order a [presentence] investigation of the defendant. After receipt of a written report of the investigation and at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender" (CPL 720.20 [1]). A sentencing court must determine whether to afford youthful offender status to every defendant who is eligible for it because, inter alia, "[t]he judgment of a court as to which young people have a real likelihood of turning their lives around is just too valuable, both to the offender and to the community, to be sacrificed in plea bargaining" (*People v Rudolph*, 21 NY3d 497, 501). The record here indicates that, although the court told defendant during the plea proceeding, "I will not be adjudicating you a youthful offender"—thus referring to some future, unspecified time—the court thereafter failed to make a formal adjudication on the record. We therefore hold the case, reserve decision and remit the matter to County Court to make and state for the record a determination whether defendant should be afforded youthful offender status (*see id.* at 503).

Frances E. Cafarell
Clerk of the Court