■ The People of the State of New York, Respondent, v Wanel Gutierrez, Appellant. [30 NYS3d 869]—

Judgments, Supreme Court, New York County (Gregory Carro, J.), rendered February 26, 2014, convicting defendant, upon his pleas of guilty, of burglary in the third degree and grand larceny in the fourth degree, and sentencing him to concurrent terms of one year, unanimously modified, on the law, to the extent of vacating the larceny sentence and remanding for a youthful offender determination on that conviction only, and otherwise affirmed.

The court sufficiently advised defendant of the rights he was giving up by pleading guilty, "notwithstanding that it omitted the word 'jury' from its reference[s] to giving up the right to a trial" (*People v Williams*, 137 AD3d 706, 706 [1st Dept 2016]).

Defendant was ineligible to be considered for youthful offender (YO) treatment in connection with his burglary conviction because he was 19 years old when the offense was committed. However, although it is clear from the discussion of YO treatment during plea proceedings that the court was not inclined to grant such treatment on the larceny conviction, the court did not make the requisite explicit determination on the record at the sentencing proceeding, requiring that the matter be remanded for that purpose (*see People v Rudolph*, 21 NY3d 497 [2013]; *People v Basono*, 122 AD3d 553 [1st Dept 2014], *lv denied* 25 NY3d 1069 [2015]; *People v Smith*, 113 AD3d 453 [1st Dept 2014]).

We perceive no basis for reducing the sentences. Concur—Acosta, J.P., Saxe, Gische, Webber and Kahn, JJ.