# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1146**
**KA 14-01213**
PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

CURTIS N. HENDERSON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ROMANA A. LAVALAS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 20, 2010. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). Even assuming, arguendo, that defendant's challenge to the sufficiency of the *Miranda* warnings provided to him prior to his interrogation is preserved for our review (*see People v Smith*, 22 NY3d 462, 465; *cf. People v Louisias*, 29 AD3d 1017, 1018-1019, *lv denied* 7 NY3d 814), we conclude that it is without merit. "[T]he warnings adequately conveyed that defendant had the right not only to have a lawyer present during the entire questioning but to ask for or access that lawyer at any point during the questioning" (*People v Barber-Montemayor*, 138 AD3d 1455, 1455, *lv denied* 28 NY3d 926).

We reject defendant's further contention that Supreme Court abused its discretion in denying his pro se request to withdraw his guilty plea without conducting an evidentiary hearing. The court afforded defendant the requisite opportunity to present his contentions (*see People v Tinsley*, 35 NY2d 926, 927), and defendant's claim that he pleaded guilty because of duress arising from, inter alia, an alleged assault by a jail deputy was belatedly raised (*see People v Nash* [appeal No. 1], 288 AD2d 937, 937, *lv denied* 97 NY2d 686; *People v Hanley*, 255 AD2d 837, 838, *lv denied* 92 NY2d 1050), contradicted by his statements during the plea colloquy (*see People v McKoy*, 60 AD3d 1374, 1374, *lv denied* 12 NY3d 856; *Hanley*, 255 AD2d at 837-838), and entirely uncorroborated (*see Nash*, 288 AD2d at 937;

*People v Morris*, 107 AD2d 973, 974-975; *cf. People v Flowers*, 30 NY2d 315, 317-319).  Under those circumstances, the court was entitled to determine that defendant's allegation was "a belated maneuver that had no foundation in truth," and thus that an evidentiary hearing was not required (*People v Cannon* [appeal No. 1], 78 AD3d 1638, 1638, *lv denied* 16 NY3d 742; *cf. People v Brown*, 14 NY3d 113, 116).  In addition, we conclude that the record does not support defendant's contention that defense counsel took a position adverse to him in connection with the plea withdrawal request (*see People v Pimentel*, 108 AD3d 861, 862-863, *lv denied* 21 NY3d 1076; *People v Sylvan*, 108 AD3d 869, 871, *lv denied* 22 NY3d 1091; *cf. People v King*, 129 AD3d 992, 993).

We agree with defendant, however, that the court erred in failing to determine at sentencing whether he should be afforded youthful offender status (*see People v Rudolph*, 21 NY3d 497, 501).  Contrary to the People's contention, the court's statements during the plea proceeding to the effect that it was not inclined to grant defendant youthful offender status do not obviate the need for remittal (*see People v Eley*, 127 AD3d 583, 584; *see also People v Gutierrez*, 140 AD3d 407, 408; *People v Munoz*, 117 AD3d 1585, 1585).  Moreover, inasmuch as a youthful offender determination must be made "in every case where the defendant is eligible" (*Rudolph*, 21 NY3d at 501), we reject the People's contention that remittal "would be futile and pointless" here.  We therefore hold the case, reserve decision, and remit the matter to Supreme Court to make and state for the record a determination whether defendant should be afforded youthful offender status.  In view of our determination, we do not address defendant's challenge to the severity of the sentence.

Entered:  December 23, 2016                  Frances E. Cafarell
                                             Clerk of the Court