People v Hobbs (2018 NY Slip Op 00995)





People v Hobbs


2018 NY Slip Op 00995


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


171 KA 17-00213

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH C. HOBBS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (MELANIE J. BAILEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered August 5, 2016. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree, criminal mischief in the third degree and criminal mischief in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Ontario County Court for further proceedings in accordance with the following memorandum: On appeal from two judgments convicting him upon his pleas of guilty of various offenses including burglary in the third degree (Penal Law § 140.20) and two counts of attempted burglary in the second degree (§§ 110.00, 140.25 [2]), defendant contends in both appeal Nos. 1 and 2 that County Court failed to make an express determination whether he should be adjudicated a youthful offender, and that the court misapprehended its authority to grant him youthful offender status without the prosecution's consent. Although we reject defendant's first contention (cf. People v Henderson, 145 AD3d 1554, 1555 [4th Dept 2016]; People v Munoz, 117 AD3d 1585, 1585 [4th Dept 2014]), we agree with the second contention.
There is no dispute that defendant was eligible in both appeal No. 1 and appeal No. 2 for youthful offender treatment (see CPL 720.10). Nevertheless, based on comments that the court made in denying defendant's request for youthful offender treatment, it appears that the court believed that it was constrained to deny defendant's request simply because it was not contemplated by the People's plea offer. Stated otherwise, the record does not establish that the court denied defendant's request "on any basis other than that it was not part of the agreed-upon sentence" (People v Saunders, 146 AD3d 447, 448 [1st Dept 2017]). At no time did the court indicate that, in its view, defendant should not be adjudicated a youthful offender.
"Compliance with CPL 720.20 (1) requires the sentencing court to actually consider and make an independent determination of whether an eligible youth is entitled to youthful offender treatment" (People v Stevens, 127 AD3d 791, 791-792 [2d Dept 2015] [emphasis added]). Inasmuch as the Court of Appeals has held that CPL 720.20 (1) mandates "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant . . . agrees to forgo it as part of a plea bargain" (People v Rudolph, 21 NY3d 497, 501 [2013]), a new sentencing proceeding is required in both appeal Nos. 1 and 2. We therefore modify the judgments in both appeal Nos. 1 and 2 by vacating the sentence, and we remit each matter to County Court to make an independent determination whether defendant is a youthful offender before imposing a sentence.
Based on our determination, we do not address defendant's contention that the sentence imposed is unduly harsh and severe.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court