Rabin, J.
On this appeal from the denial of coram nobis relief, we are called upon to consider whether allegations contained in defendant Josh Session’s petition and supporting affidavits are sufficient to require a hearing. Session submitted affidavits from three codefendants stating that an Assistant District Attorney had threatened them with increased charges if they testified in Session’s behalf. However, the affidavits did not contain the nature of any testimony the codefendants could offer, or how it could be of value to Session.
This showing is not sufficient to entitle Session to a hearing on his coram nobis application (now a motion to vacate judgment under CPL 440.10). A judgment of conviction is presumed valid, and the party challenging its validity (defendant here) has a burden of coming forward with allegations sufficient to *256 create an issue of fact (People v. Richetti, 302 N. Y. 290, 298). "While the production of contrary evidence will satisfy the burden of going forward and eliminate the presumption of regularity from the case (id.), bare allegations are insufficient to carry this evidentiary burden (People v. Spencer, 32 N Y 2d 446; People v. White, 309 N. Y. 636, 640). In a coram nobis application, it is not enough to make conclusory allegations of ultimate facts; supporting evidentiary facts must be provided. In this case, the defendant must supply the substance of the testimony his potential witnesses would have given and indicate in what way this testimony would have benefited him (accord Andig v. Finkelstein, 23 N Y 2d 728, 730 [summary judgment granted where party carrying burden of going forward failed to provide evidentiary facts]).
Of course, once the submission of evidentiary facts creates an issue as to the validity of the judgment, the defendant is entitled to a hearing to determine the truth of his allegations, unless his claim has been conclusively refuted by documentary evidence (see People v. White, 309 N. Y. 636, supra). Here, the . Assistant District Attorney submitted his own affidavit denying the charge of intimidation, and affidavits from defense counsel for two of the three codefendants stating that their clients did not inform them of any visit or threats by the prosecutor. Such affidavits are not documentary evidence. They do place the question of intimidation in issue, but they do not conclusively refute the defendant’s allegations, and the trial court erred in so" concluding.
While we hold that petitioner has not established his right to a hearing on the submissions herein, we do not assume that the accusations of coercion made by his codefendants are without merit; and, by our denial of relief, we certainly do not condone the alleged intimidation. The order of the Appellate Division should be affirmed with leave to renew the application for coram nobis relief upon proper affidavits.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler and Stevens concur; Judge Gabrielli taking no part.
Order affirmed, with leave to renew the coram nobis application.