OPINION OF THE COURT
 

 Wachtler, J.
 

 The question presented on this appeal is whether the courts below properly denied defendant’s motion to vacate a judgment of conviction, grounded on claims of prosecutorial misconduct, without initially conducting an evidentiary hearing. We hold that the facts of this case do not demonstrate that the lower courts abused their discretion as a matter of law and therefore affirm the denial of the motion to vacate.
 

 Defendant was indicted for soliciting and conspiring with Vito Finetti, Vincent Pastore, Eric Teen and Joseph Medina to murder the defendant’s business partner, Thomas Wright. Pastore, Medina and Teen killed Wright on November 17,1975. Defendant was convicted of murder in the second degree (Penal Law, § 125.25), conspiracy in the first degree (Penal Law, § 105.17) and criminal possession of a weapon in the second degree (Penal Law, § 265.03). The Appellate Division unanimously affirmed the conviction, without opinion, and defendant moved,
 
 pro se,
 
 to vacate the judgment on the grounds of newly discovered evidence (CPL 440.10, subd 1, par [g]) and prosecutorial misconduct (CPL 440.10, subd 1, par [c]). The trial court denied the motion in all respects without a hearing and the Appellate Division affirmed.
 

 Defendant’s first contention on the motion was that newly discovered evidence demonstrated that the testimony of Patricia McCarthy, an eyewitness to certain events on the evening of November 17,1975, was false. Ms. McCarthy testified that at 11:30 p.m. while visiting an apartment in Brooklyn on the night in question, Medina and Teen, her boyfriend, left the apartment and moments later she heard a noise in the hallway. When she looked out, she observed a white male running down the stairs. Responding to an unknown person’s directions she returned to her apartment. She stated that from her bedroom
 
 *246
 
 window she then observed Teen and Medina exit the building with a black male walking between them.
 

 Defendant’s motion asserts that the bedroom window of the apartment in question does not overlook the front of the building and that McCarthy could not have seen what she testified to. Defendant claims that a private investigation undertaken after his conviction revealed building department records which conclusively establish that the witness could not possibly have seen the area in the front of the building from the bedroom window.
 

 The trial court held that the records of the building department, which presumably existed since the building in question was constructed, were available to the defense at the time of trial and therefore do not constitute newly discovered evidence. The Appellate Division affirmed and, as we noted in
 
 People v Crimmins
 
 (38 NY2d 407, 409), this court has no power to review a discretionary order denying a motion to vacate a judgment upon the ground of newly discovered evidence.
 

 Defendant’s motion to vacate also presented two claims premised on alleged prosecutorial misconduct. Trial Term also denied this branch of the motion and defendant now contends that it was error for the court to have done so without a hearing. Contrary to the rule which obtains with respect to newly discovered evidence, denial without a hearing of motions to vacate judgment on the ground of prosecutorial misconduct are reviewable to determine whether the trial court abused its discretion as a matter of law in its denial of a hearing
 
 (People v Crimmins, supra,
 
 at p 419). We conclude that there was no such abuse in this case. Defendant maintains that the prosecution knowingly permitted Patricia McCarthy to testify falsely. He bases his accusation on the building plans referred to above, reasoning that had the prosecution prepared the People’s case more carefully it would have discovered that McCarthy could not possibly have seen what she testified to from the apartment.
 

 Mere conclusory allegations of prosecutorial misconduct are alone insufficient to require a trial court to conduct an evidentiary hearing for the purpose of resolving
 
 *247
 
 those accusations. To raise a triable issue some actual evidence of knowledge on the part of the prosecution that McCarthy’s testimony was false must be submitted to the court. Defendant’s
 
 pro se
 
 motion papers did not even contain the building department records which supposedly contradict McCarthy’s testimony, let alone any evidence tending to demonstrate that the prosecution was aware that McCarthy falsely testified, if indeed she did.
 
 *
 
 No triable issue was raised and, accordingly, it was not an abuse of discretion for the trial court to deny the motion to vacate on this ground without an evidentiary hearing (see
 
 People v Ford,
 
 46 NY2d 1021;
 
 People v Session,
 
 34 NY2d 254). To hold otherwise and require a hearing to investigate every speculative and unsupported allegation of prosecutorial impropriety would unquestionably impose an undue burden upon both the District Attorney and the judiciary.
 

 Defendant also contends that the courts below erred in not holding a hearing with respect to his allegation that the prosecution withheld exculpatory evidence in violation of his constitutional rights as established by the Supreme Court decision in
 
 Brady v Maryland
 
 (373 US 83). Defendant supported this claim with an affidavit from Eric Teen (a coconspirator) in which Teen stated that on the date of his arrest he told police officers that he did not know Harold Brown, at which point an audio tape recording of the conversation was stopped. Teen’s affidavit also stated that he never conspired to kill Thomas Wright with Brown or anyone else, and that he never saw Brown until after he (Teen) was arrested. Defendant also relied upon a voluntary disclosure form provided by the Kings County District Attorney’s office to Eric Teen notifying Teen of a tape made on the date of his arrest and offering him the opportunity to inspect it.
 

 
 *248
 
 After an
 
 in camera
 
 inspection of the Teen tape as well as a stenographic statement made by Teen to an Assistant District Attorney, the trial court concluded that no exculpatory material had been withheld by the prosecution. Moreover, the court proceeded to describe in some detail how the tape was in fact inculpatory in nature, in that Teen readily identified defendant as a coconspirator in the murder of Thomas Wright. On this record we cannot say that the trial court abused its discretion as a matter of law in relying on
 
 in camera
 
 inspection of the tape rather than a full hearing to dispose of defendant’s contention. We have sanctioned the use of an
 
 in camera
 
 inspection procedure to review similar material (see, e.g.,
 
 People v Geaslen,
 
 54 NY2d 510;
 
 People v Andre W.,
 
 44 NY2d 179). We find the other contentions raised by defendant to be either not preserved or without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Cooke (dissenting). A hearing should have been granted in the trial court on defendant’s motion to set aside his judgment of conviction because of alleged prosecutorial misconduct. I therefore dissent and vote to reverse and remit the case to Supreme Court for such a hearing.
 

 In his
 
 pro se
 
 motion, defendant alleged that it was physically impossible for an important prosecution witness to have seen events that she described. In an affidavit, he stated that New York City Building Department plans showed that the apartment from which the witness said she had seen the events was located at the rear of an apartment building, rather than at the front as she testified. Defendant alleged that the prosecutor knew that the apartment in question was located at the rear of the building and that he nonetheless permitted the witness to testify that the apartment was located at the front and overlooked the street. At trial the prosecutor introduced photographs of the front of the building as well as of the street.
 

 In response to defendant’s allegations, an Assistant District Attorney who did not conduct the trial submitted an affirmation, based only on information and belief, that did
 
 *249
 
 not expressly address the merits of defendant’s contention. Specifically, it did not respond to the allegation concerning the location of the apartment. Moreover, the affirmation failed to deny on the basis of first-hand knowledge that the prosecutor had not knowingly introduced testimony on this point.
 

 Defendant’s moving papers raised a question of fact with respect to a breach of the prosecutor’s obligation not to knowingly introduce false testimony on a material point (see
 
 Giglio v United States,
 
 405 US 150). It was, therefore, legal error for the court to have denied defendant’s motion without first conducting a hearing to resolve this question.
 

 Of course, in an application in the nature of
 
 coram nobis
 
 such as defendant’s, “it is not enough to make conclusory allegations of ultimate facts; supporting evidentiary facts must be provided”
 
 (People v Session,
 
 34 NY2d 254, 256). Here there was much more than a mere conclusory allegation that a witness had lied. Defendant’s affidavit stated that building department records indicated that the apartment from which the witness stated she saw the events on the street was designated as “the rear third floor apartment” and that the 14-foot by 12%-foot bedroom had only two windows, both located at the rear of the building.
 

 It is true that the actual building department records would have provided better proof of the location of the apartment. To require defendant, incarcerated in a northern New York prison, to have included the actual New York City Building Department plans in his
 
 pro se
 
 application for
 
 coram nobis
 
 relief exalts form over substance. Indeed, the trial court ignored defendant’s request that it obtain the plans itself from the building department for its inspection. The principle that conclusory allegations are insufficient to merit a hearing is based on sound considerations of finality and judicial economy. But defendant’s allegations here were more than a mere speculative and conclusory assertion of prosecutorial misconduct. They were detailed and specific and raised a factual question that the prosecution did nothing to resolve. Contrary to the majority’s position, the level of defendant’s allegations was such that the failure of the People to deny or even address them was indeed significant.
 

 
 *250
 
 Likewise, defendant’s affidavit was not devoid of any indication that the prosecutor knowingly introduced false testimony. The prosecutor introduced pictures of the front of the apartment building and the street facing it, thereby indicating that a representative of the police or prosecution at least visited the scene to photograph it. The People responded with a mere affirmation by an Assistant District Attorney who did not conduct the trial, based upon information and belief, that the prosecution had no reason to believe the testimony of any witness was false.
 

 Far from a mere conclusory allegation of prosecutorial misconduct, then, defendant alleged specific and detailed facts. That the defendant’s allegations did not rise to the level of “damning evidence” (p 247, n) should not foreclose him from obtaining a hearing on his motion. Therefore, I must dissent.
 

 Judges Jasen, Gabrielli and Jones concur with Judge Wachtler; Chief Judge Cooke dissents and votes to reverse in a separate opinion in which Judges Fuchsberg and Meyer concur.
 

 Order affirmed.
 

 *
 

 Thus, that the People failed in response to defendant’s motion to deny his allegations regarding the location of the apartment and to deny on the basis of first-hand knowledge that the prosecution did not knowingly introduce false testimony on this point is of no moment. It is not the prosecution’s duty to disprove defendant’s allegations in light of his failure to present any damning evidence, any more than it is its duty when preparing its case to affirmatively search for evidence to impeach its own witness’ testimony.