OPINION OF THE COURT
Jasen, J.
The question raised on this appeal is whether the trial court properly denied defendant’s motion to vacate a judgment of conviction, grounded on claims of prosecutional misconduct, juror misconduct and misrepresentation by a prosecution witness, without initially conducting an evidentiary hearing. We hold that the facts of this case do not demonstrate that the trial court abused its discretion as a matter of law and, therefore, affirm the denial of the motion to vacate.
Defendant was arrested and charged with the murder of his wife, Sophie. He was also charged with grand larceny for stealing more than $450,000 worth of securities, jewelry and currency from his wife’s estate following her death. During defendant’s 11-week jury trial, the prosecution sought to prove that defendant had killed his wife by injecting her with multiple doses of Demerol over the course of two days, June 17 and June 18,1975. On December 15, 1976, the trial concluded and defendant was found guilty of murder in the second degree and grand larceny in the second degree. Defendant was sentenced on January 26, 1977 to concurrent terms of not less than 25 years to life imprisonment on the murder count and not more than 7 years on the grand larceny count. On June 5, 1978, the Appellate Division affirmed (63 AD2d 972). Leave to appeal to this court was denied on June 29, 1978 (45 NY2d 780).
In January, 1980, more than three years after the trial was concluded, defendant commenced the instant proceeding by bringing a motion in the Nassau County Court, pursuant to CPL 440.10, seeking an order vacating the judgment of conviction. Defendant’s motion was denied without a hearing. A divided Appellate Division affirmed (85 AD2d 698).
Defendant argues on this appeal that the judgment of conviction should be vacated and a new trial ordered because the jury’s verdict was tainted by prosecutorial *470 misconduct, juror misconduct and the misrepresentations of a prosecution witness.
We note at the outset that the trial court’s denial of defendant’s motion without providing a hearing can be reversed only if we find that the court abused its discretion. (People v Brown, 56 NY2d 242, 246; People v Crimmins, 38 NY2d 407,418-419.) With respect to his claim of prosecutorial misconduct, defendant contends that the District Attorney improperly summoned a potential defense witness, Binnie Lazarus, to his office on July 29, 1975, by use of a Grand Jury subpoena and while there coerced her into signing a statement which was inconsistent with her prospective testimony. It is also contended that it was improper for the District Attorney not to present Binnie Lazarus’ testimony to the Grand Jury. While defendant does not specify which provisions of CPL 440.10 he relies on in asserting this claim,[1] it appears that 440.10 (subd 1, par [b]) is the applicable section. That section provides that the court may vacate a judgment of conviction if it is shown that “[t]he judgment was procured by duress, misrepresentation or fraud on the part of the court or a prosecutor or a person acting for or in behalf of a court or a prosecutor.” In support of his claim, defendant offered the affidavit of Binnie Lazarus, in which she states that she spoke with Sophie Friedgood on Wednesday morning, June 18, 1975, when, according to the prosecution’s expert witness, Mrs. Friedgood was dead. It is further alleged that Lazarus was summoned to the District Attorney’s office and coerced into signing a statement which stated that she was not sure whether she had spoken to Mrs. Friedgood on Tuesday, June 17, or Wednesday, June 18. The People, in opposition to defendant’s motion, offered the affidavits of four witnesses who were present at the meeting in the District Attorney’s office and denied that any threats were made or coercion used to force Binnie Lazarus to sign the statement.
Defendant’s claim that the trial court abused its discretion in not providing a hearing on this charge suffers from two defects. First, although defendant waited for over *471 three years to bring the instant proceeding, his attorney made no effort to explain this delay other than to say he was busy working on defendant’s appeal. Moreover, nowhere does defendant disclose when he learned of the alleged coercive tactics employed by the prosecutor. As a result, defendant has failed to show that he used due diligence in adducing such facts prior to sentencing as required by CPL 440.10 (subd 3, par [a]).[2] The second flaw in defendant’s position is that he has failed to allege sufficient facts to show that the prosecutor’s allegedly coercive tactics could have prejudiced his defense. Defendant was well aware that Binnie Lazarus had given a signed statement on July 9, 1975, nearly three weeks before she was subpoenaed to appear before the Grand Jury, in which she stated that she had spoken with Mrs. Friedgood on Wednesday morning, June 18, the day Mrs. Friedgood died.[3] Nevertheless, defendant did not call Lazarus as a defense witness at trial, nor has he made any effort to explain why. If the reason for failing to do so was his knowledge that Lazarus had subsequently signed the contradictory statement on July 29 under the improper direction of the District Attorney, then his failure to promptly investigate the circumstances surrounding this change and immediately bring the matter to the court’s attention is inexcusable. If, however, the reason is that Lazarus’ original, arguably equivocal, statement and her anticipated testimony would not have been helpful to the defense, then the prosecutor’s alleged misconduct did not prejudice the defendant. Finding himself on the horns of *472 this dilemma, defendant not only failed to make the requisite showing of due diligence (CPL 440.10, subd 3, par [a]), but he also failed to sufficiently allege that he was prejudiced by the alleged misconduct which, because it would have to be proven for defendant to succeed in having his conviction vacated, must be alleged. (CPL 440.30, subd 4, par [b].) Hence, defendant has not met the minimum requirements necessary for the court to either vacate his conviction or, in the alternative, order that an evidentiary hearing be held.
We note in passing that the mere act of interviewing Binnie Lazarus on July 29, 1975 and then deciding not to present her testimony to the Grand Jury does not constitute prosecutorial misconduct per se. Indeed, as the official charged with the orderly presentation of evidence to the Grand Jury, it is sound practice for the prosecutor to interview and, when appropriate, dismiss prospective witnesses in order to eliminate unnecessary or equivocal material so that grand jurors’ time can be conserved. (See United States v Mandel, 415 F Supp 1033, 1039-1040, conviction vacated on other grounds 591 F2d 1347, on reh conviction affd 602 F2d 653; cf. People v Stridiron, 33 NY2d 287, 292; People v Fein, 18 NY2d 162, 172.) This is especially so where, as here, the prospective witness had given a prior statement, conceded to have been freely made, wherein she stated that she was unsure of the very facts that she would be called upon to testify to before the Grand Jury. Consequently, it cannot be said that the trial court abused its discretion in denying defendant’s motion insofar as it was based on prosecutorial misconduct.
Defendant’s claim of juror misconduct, which is apparently premised on CPL 440.10 (subd 1, par [f]), is equally unavailing. That section provides that the court may vacate a judgment of conviction upon the ground that “[improper and prejudicial conduct not appearing in the record occurred during a trial resulting in the judgment which conduct, if it had appeared in the record, would have required a reversal of the judgment upon an appeal therefrom”. Once again, however, the only explanation given for failing to promptly investigate and report these alleged instances of juror misconduct is that defense counsel was *473 busy preparing defendant’s appeal. We believe that this explanation, in light of defendant’s three-year delay in bringing this motion, is insufficient, as a matter of law, to satisfy the due diligence requirement of CPL 440.10 (subd 3, par [a]). Furthermore, with respect to all but one of defendant’s claims of juror misconduct, only hearsay allegations contained in the affidavits of defense counsel and a private investigator employed by him have been proffered in support thereof. Since no explanation was given as to why affidavits could not be obtained from jurors who allegedly admitted to having acted improperly[4] or from those jurors who allegedly observed other jurors acting improperly, and since the only juror who gave an affidavit, Enoch Gilbert, did not state which or how many jurors heard an allegedly improper comment by juror Fred Lee, defendant cannot be heard to say that the trial court abused its discretion in denying the motion on this ground. (See People v Ford, 46 NY2d 1021; People v Session, 34 NY2d 254; People v Scott, 10 NY2d 380.)
We also note that, as a matter of policy, efforts to undermine a jury’s verdict by systematically questioning the individual jurors long after they have been dismissed in hopes of discovering some form of misconduct should not be encouraged. (People v De Lucia, 20 NY2d 275, 278; United States v Brasco, 516 F2d 816, 819, n 4, cert den 423 US 860.)
Defendant’s final ground for vacatur is that Dr. Helpern, a medical expert who testified for the prosecution, misrepresented facts critical to his opinion concerning the time of Mrs. Friedgood’s death. While defendant seeks to frame this contention in terms of CPL 440.10 (subd 1, par [b]), he is in actuality basing his claim on newly discovered evidence pursuant to CPL 440.10 (subd 1, par [g]). Consequently, the trial court’s exercise of discretion in denying the defendant’s motion on this ground is beyond our power to review. (People v Brown, 56 NY2d 242, 246, supra; People v Crimmins, 38 NY2d 407, 409, supra.)
*474 Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jones, Wachtler, Fuchsberg and Simons concur; Judge Meyer taking no part.
Order affirmed.

. Insofar as any or all of defendant’s claims are based on violations of his constitutional rights (see CPL 440.10, subd 1, par [d]; 440.10, subd 1, par [h]), the analyses which follow apply equally thereto.

. CPL 440.10 (subd 3, par [aj) provides in full that:
“Notwithstanding the provisions of subdivision one, the court may deny a motion to vacate a judgment when:
“(a) Although facts in support of the ground or issue raised upon the motion could with due diligence by the defendant have readily been made to appear on the record in a manner providing adequate basis for review of such ground or issue upon an appeal from the judgment, the defendant unjustifiably failed to adduce such matter prior to sentence and the ground or issue in question was not subsequently determined upon appeal. This paragraph does not apply to a motion based upon deprivation of the right to counsel at the trial or upon failure of the trial court to advise the defendant of such right”.

. In her original statement of July 8, Binnie Lazarus also stated that she was unsure of some facts.

. Defense counsel alleges that one juror discussed the case with his wife and consulted a medical book during the course of the trial. It is further alleged that another juror read newspaper articles and watched television broadcasts concerning the trial and that several jurors discussed the case prior to deliberations.