■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE BACCHI, Appellant.—Appeals by the defendant (1) from a judgment of the County Court, Suffolk County (Mallon, J.), rendered May 2, 1991, convicting him of rape in the first degree and sodomy in the first degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, dated January 24, 1992, which denied, without a hearing, his motion to vacate the judgment of conviction pursuant to CPL 440.10.

Ordered that the judgment and order are affirmed.

The defendant's claim that he was denied his right to a

speedy trial under CPL 30.30 is unpreserved for appellate review due to his failure to make a motion to dismiss the indictment on that ground (see, CPL 30.30; People v Grigas, 185 AD2d 245). In any event, since delay resulting from adjournments to which the defendant has consented are not chargeable against the People (see, People v Worley, 66 NY2d 523), the People were ready for trial within the statutory time limitation set forth in CPL 30.30 (1) (a).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of rape in the first degree and sodomy in the first degree beyond a reasonable doubt. The defendant forced the complainant, at gunpoint, to leave a local bar and drive him to a deserted office building where he forced her to engage in sexual intercourse and performed oral sex upon her against her will. We note that there is no requirement that a claim of rape or sodomy by forcible compulsion be corroborated by medical evidence (People v Toro, 161 AD2d 819). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We find no merit to the defendant's claim that reversal is warranted based upon the introduction of prejudicial testimony that he had previously committed a gunpoint rape. It was defense counsel, during the cross-examination of the complainant, who explicitly opened the door to the introduction of the subject testimony (see, People v Melendez, 55 NY2d 445). A review of the record reveals that the People had no intent to elicit this testimony which was brought out during defense counsel's attempt to discredit the complainant. Moreover, the defendant was not prejudiced by any testimony elicited by the People during the complainant's redirect examination since it merely paralleled that elicited during cross-examination (see, People v Melendez, supra).

Additionally, the defendant was properly adjudicated a second violent felony offender (see, Penal Law § 70.04 [1] [b]) and the sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

Furthermore, the trial court did not improvidently exercise its discretion in denying the defendant's CPL 440.10 motion without first conducting an evidentiary hearing. On an application to vacate a judgment of conviction, the party challenging the conviction's validity bears the burden of coming forth

with allegations sufficient to create an issue of fact *(see, People v Ramsey,* 104 AD2d 388). Mere conclusory allegations of prosecutorial misconduct are alone insufficient to require a trial court to conduct an evidentiary hearing *(see, People v Brown,* 56 NY2d 242). Defense counsel's conclusory allegation that he "verily believed" that the State failed to turn over a report by the first police officer to whom the victim allegedly reported the incident was insufficient to raise a triable issue of fact.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.