■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARDO FALAS, Appellant. [730 NYS2d 432] —Judgment, Supreme Court, New York County (Ira Beal, J., at hearing; Charles Solomon, J., at plea and sentence), rendered February 29, 2000, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of 10 years, and order, same court and Justice, entered on or about April 3, 2001, which denied defendant's motion pursuant to CPL article 440 to vacate the judgment of conviction and to set aside the sentence, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record (*see, People v Prochilo*, 41 NY2d 759, 761).

The court's summary denial of defendant's application to withdraw his guilty plea was proper (*see, People v Fiumefreddo*, 82 NY2d 536, 543-544). Defendant was afforded a suitable opportunity to be heard orally and the record establishes that the court considered his written motion. Defendant's application was in total contradiction of his statements during the plea al-

locution, where the court carefully ascertained from defendant that he was knowingly and voluntarily pleading guilty and that he was acknowledging that he had possessed a loaded weapon with intent to use it unlawfully.

Defendant's claim that the court considered an improper factor in imposing sentence is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant's sentence was not based on any improper criteria, and we perceive no basis for reduction of sentence. We further note that defendant's sentence was well within the terms of the court's sentence promise.

The court's summary denial of defendant's CPL article 440 motion was appropriate because defendant's papers did not raise a factual issue warranting a hearing (*see, People v Satterfield*, 66 NY2d 796). Defendant's assertion that his counsel engaged in conduct that prejudiced defendant's case is speculative and unsubstantiated.

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Saxe and Buckley, JJ.