■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM BROXTON, Appellant. [824 NYS2d 127]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Eng, J.), dated June 25, 2003, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered January 19, 2000, convicting him of murder in the second degree, reckless endangerment in the first degree, attempted murder in the second degree, assault in the first degree (five counts), and criminal possession of a weapon in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

After sentencing, and while his direct appeal from the judgment of conviction was pending, the defendant moved pursuant to CPL 440.10 to vacate his judgment of conviction on the grounds of ineffective assistance of trial counsel and prosecutorial misconduct. The motion was based, inter alia, on the defense

counsel's failure to call a number of witnesses, object to numerous matters, and use out-of-court statements of nontestifying witnesses to impeach prosecution witnesses. The Supreme Court denied the motion, without a hearing, concluding that sufficient facts appeared on the record to permit adequate review of many of the defendant's claims on direct appeal (*see* CPL 440.10 [2] [b]) and that, in any event, the claims of ineffective assistance of counsel and prosecutorial misconduct were without merit.

The defendant's claim of ineffective assistance of trial counsel, to the extent it is not procedurally barred as reviewable on direct appeal from the judgment of conviction, was largely based upon unsubstantiated conclusory allegations and thus was properly denied without a hearing (*see People v Bacchi,* 186 AD2d 663 [1992]). In any event, the defendant failed to make out a prima facie case that there were no strategic or other legitimate explanations for counsel's alleged shortcomings (*see People v Taylor,* 1 NY3d 174 [2003]; *People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Ford,* 46 NY2d 1021, 1023 [1979]), or that he was deprived of meaningful representation (*see People v Baldi,* 54 NY2d 137, 147 [1981]).

The defendant's prosecutorial misconduct and related *Brady* violation claims (*see Brady v Maryland,* 373 US 83 [1963]) were also without merit to the extent they were not barred. The defendant failed to establish that the People were ever in possession of the purported *Brady* material at the time of trial or that it was exculpatory in nature (*see People v Carnett,* 19 AD3d 703 [2005]; *People v King,* 265 AD2d 678 [1999]).

Accordingly, the motion was properly denied in its entirety without a hearing (*see People v Hall,* 28 AD3d 678 [2006]). Florio, J.P., Schmidt, Krausman and Lifson, JJ., concur.