■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON WAYMON, True Name of WAYMON AARON, Appellant. [883 NYS2d 911]—

Appeal by the defendant, by permission, from an order of the

Supreme Court, Kings County (Feldman, J.), entered January 25, 2005, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered June 27, 2001, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

To obtain a hearing on a motion to vacate a judgment of conviction, it is the defendant's burden as movant to come forward with allegations that raise a triable issue of fact sufficient to challenge the presumed validity of a judgment of conviction (*see People v Session*, 34 NY2d 254, 255-256 [1974]; *People v Bacchi*, 186 AD2d 663, 664-665 [1992]). Mere conclusory allegations of ultimate facts are insufficient to warrant a hearing (*see People v Brown*, 56 NY2d 242, 246-247 [1982]; *see also People v Broxton*, 34 AD3d 491, 492 [2006]). Here, the defendant's claim of ineffective assistance of trial counsel was largely based upon unsubstantiated conclusory allegations and, thus, his motion pursuant to CPL 440.10 was properly denied without a hearing (*see People v Brown*, 56 NY2d at 246-247; *People v Session*, 34 NY2d at 256; *People v Coleman*, 37 AD3d 491 [2007]; *People v Broxton*, 34 AD3d at 492; *People v LaPella*, 185 AD2d 861, 862 [1992]). Rivera, J.P., Florio, Dickerson and Austin, JJ., concur.