■ The People of the State of New York, Respondent, v Freddy Squires, Appellant. [889 NYS2d 492]—

Contrary to the People's contention, the defendant's challenge to the legal sufficiency of the evidence based on the People's failure to prove, beyond a reasonable doubt, that he was the driver of the subject white car, is preserved for appellate review. The defendant was not required to renew his motion to dismiss at the close of his case, "since the defendant's case did not supply any additional evidence of guilt" (*People v Beriguete*, 51 AD3d 939, 940 [2008]; *see People v Soto*, 8 AD3d 683 [2004]). However, the defendant's contention that the evidence was legally insufficient to establish that his conduct con-

stituted a violation of the 2001 order of protection is not preserved for appellate review (*see* CPL 470.05; *People v Bynum*, 70 NY2d 858, 859 [1987]).

In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Dillon, J.P., Florio, Miller and Angiolillo, JJ., concur.