■ The People of the State of New York, Respondent, v Eddie Vasquez, Appellant. [21 NYS3d 297]—Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered March 28, 2012, convicting him of assault in the second degree (two counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated August 2, 2013, which denied, without a hearing, his motion to vacate his judgment of conviction pursuant to CPL 440.10.

Ordered that the judgment and the order are affirmed.

The defendant failed to preserve for appellate review his contention that his convictions of assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]) were not based on legally sufficient evidence (*see* CPL 470.05 [2]; *People v Carncross*, 14 NY3d 319, 324-325 [2010]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Bynum*, 70 NY2d 858, 859 [1987]; *People v Squires*, 68 AD3d 900 [2009]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt (*see People v Hierro*, 122 AD3d 420 [2014]; *People v Elie*, 110 AD3d 1003 [2013]; *People v Jones*, 110 AD3d 493 [2013]; *People v Oglesby*, 15 AD3d 419 [2005]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court properly denied the defendant's request to charge the jury with assault in the third degree (Penal Law § 120.00 [1], [2], [3]), as a lesser included offense of assault in the second degree (CPL 1.20 [37]; 300.50 [1]; *see People v Conway*, 6 NY3d 869, 871-872 [2006]; *People v Rodriguez*, 73 AD3d 815, 816 [2010]; *People v House*, 278 AD2d 244, 245 [2000]; *People v Long*, 259 AD2d 634 [1999]; *see generally People v James*, 11 NY3d 886, 888 [2008]; *People v Barney*, 99 NY2d 367, 371 [2003]; *People v Van Norstrand*, 85 NY2d 131, 135 [1995]).

The Supreme Court properly granted the defendant's request

to charge the jury with the defense of justification only to the extent of instructing as to justification when confronted with deadly physical force (*see People v Lugg*, 124 AD3d 679, 680 [2015]; *People v Soriano*, 121 AD3d 1419, 1423 [2014]; *People v Taylor*, 118 AD3d 1044, 1047-1048 [2014]).

The Supreme Court properly denied the defendant's request for an intoxication charge (*see People v Sirico*, 17 NY3d 744, 745 [2011]; *People v Gaines*, 83 NY2d 925, 927 [1994]; *People v Rodriguez*, 76 NY2d 918, 920-921 [1990]; *cf. People v Velcher*, 116 AD3d 799 [2014]).

The defendant failed to preserve for appellate review his contention that the Supreme Court erred in allowing the People to elicit testimony from one of their witnesses that the defendant struck his girlfriend, in the presence of their daughter (*see* CPL 470.05 [2]). In any event, this contention is without merit. The subject testimony was relevant (*see People v Mateo*, 2 NY3d at 424-425; *People v Buie*, 86 NY2d 501, 509 [1995]; *People v Lewis*, 69 NY2d 321, 325 [1987]) to the charge of endangering the welfare of a child (Penal Law § 260.10 [1]; *see People v Johnson*, 95 NY2d 368, 371-372 [2000]; *People v Simmons*, 92 NY2d 829, 830 [1998]), of which the defendant was acquitted, and the probative value of the testimony outweighed the potential prejudice to the defendant. Any error in failing to give a limiting instruction to the jury was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to the defendant's convictions of assault in the second degree and criminal possession of a weapon in the fourth degree (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Willis*, 69 AD3d 966 [2010]).

The defendant's contention that the prosecutor committed misconduct during her cross-examination of the defense witness is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit (*see People v Walker*, 83 NY2d 455, 461 [1994]; *Badr v Hogan*, 75 NY2d 629, 634 [1990]; *People v Schwartzman*, 24 NY2d 241, 244 [1969]; *People v Jones*, 193 AD2d 696, 697 [1993]).

The defendant's challenges to the prosecutor's summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Martin*, 116 AD3d 981 [2014]; *People v Stewart*, 89 AD3d 1044 [2011]; *People v Paul*, 82 AD3d 1267 [2011]) and, in any event, without merit. The challenged comments were "within the broad bounds of rhetorical comment permissible in closing arguments, fair response to arguments made by defense counsel in summation,

and fair comment upon the evidence" (*People v Cartagena*, 126 AD3d 913, 914 [2015]; *see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109 [1976]; *People v Perez*, 120 AD3d 514 [2014]; *People v Hutchinson*, 106 AD3d 1105 [2013]; *People v Barnes*, 33 AD3d 811, 812 [2006]).

In moving to vacate a judgment of conviction, a defendant must "come forward with allegations that raise a triable issue of fact sufficient to challenge the presumed validity of a judgment of conviction" (*People v Waymon*, 65 AD3d 708, 709 [2009]; *see* CPL 440.10, 440.30 [4] [d] [i]; *People v Session*, 34 NY2d 254, 255-256 [1974]). "Mere conclusory allegations of ultimate facts are insufficient to warrant a hearing" (*People v Waymon*, 65 AD3d at 709; *see People v Brown*, 56 NY2d 242, 246-247 [1982]). Here, in the absence of any evidence supporting the claims set forth in the defendant's affidavit regarding alleged plea offers about which defense counsel purportedly failed to inform him or defense counsel's rejection of his request to call an expert medical witness, the Supreme Court properly denied, without a hearing, the defendant's motion pursuant to CPL 440.10 (*see* CPL 440.30 [4] [d] [i]; *People v Brown*, 56 NY2d at 246-247; *People v Session*, 34 NY2d at 256; *People v Waymon*, 65 AD3d at 709). Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.