OPINION OF THE COURT
Louis L. Nock, J.
The above-captioned matters are consolidated for disposition.
Defendant Sandra Guarnan (also known as Eliana Matute)[1] moves, pursuant to CPL 440.10, to vacate the judgments of *794 conviction on her pleas of guilty in these matters, and, pursuant to CPL 440.20, to set aside her sentences of time served imposed therein. The People oppose. For the reasons set forth below, the motion is denied.
Background
Docket No. 2008NY034833
The information charges defendant with violating Penal Law § 275.35, failure to disclose the origin of a recording in the second degree; Penal Law § 190.23, false personation; and 21 NYCRR 1050.7 (j) (4), blocking free movement in a transit facility. On April 24, 2008, defendant was issued a desk appearance ticket for May 22, 2008, but warranted. Defendant did not appear until December 13, 2009, after she was arrested in connection with docket No. 2009NY095002, described immediately below. At arraignment on December 13, 2009, defendant pleaded guilty to Penal Law § 275.35—a class A misdemeanor—in satisfaction of this docket (No. 2008NY034833), receiving a promised sentence of time served.
Docket No. 2009NY095002
Defendant was arrested on December 12, 2009, on a charge of violating Penal Law § 165.71, trademark counterfeiting in the third degree—a class A misdemeanor. She was arraigned on December 13, 2009, and pleaded guilty, receiving a promised sentence of time served.
The Present Motion
Now—after more than six years have gone by since her foregoing pleas—defendant seeks to vacate the judgments and set aside the sentences, claiming ineffective assistance of counsel. Without offering any independent evidentiary support whatsoever, and without providing any statement, at all, of any efforts by her to try to secure any such support, defendant submits her own uncorroborated affidavit in which she claims that her plea counsel affirmatively told her that no adverse immigration consequences would attach to the pleas, and that she would not have pleaded guilty if she knew of any such consequences attaching to her pleas (defendant’s aff ¶¶ 4, 6). Remarkably (given the asserted basis for this motion), defendant does not assert that she has suffered any tangible adverse immigration consequence, at all. Rather, all that defendant ap *795 pears to be saying is that she is afraid that she may suffer “immigration problems” as a result of her pleas (defendant’s aff ¶ 6; see id. ¶ 5). She attests in her affidavit that the only thing that has transpired is that an unidentified immigration attorney handed her a copy of a United States Citizenship and Immigration Services (USCIS) form—unrelated to her personally—which generally informs the public that, persons convicted of crimes involving “moral turpitude” may be ineligible for admission and visas {id. ¶ 5, exhibit B). Defendant identifies herself as the “wife of a U.S. citizen” in pursuit of a “green card” {id. ¶ 5); however, at no time does defendant attest to any instance, at all, in which she was denied a green card or suffered any tangible immigration detriment whatsoever. Indeed, she does not even go as far as claiming that she ever even applied for any immigration relief, at all—green card or otherwise. Defendant does not allege that any removal proceedings have been instigated against her.
Notably, defendant never renounces the guilt to which she allocated in open court on December 13, 2009.
Discussion
“The right to the effective assistance of counsel is guaranteed by both the Federal and State Constitutions” (People v Baldi, 54 NY2d 137, 146 [1981]). Under the federal standard, defendant must show that counsel’s performance was deficient and that the deficient performance prejudiced the defense (Strickland v Washington, 466 US 668 [1984]). Under the New York standard, the “defendant must demonstrate that his attorney failed to provide meaningful representation” (People v Caban, 5 NY3d 143, 152 [2005] [citations omitted]). Even under the New York standard, lack of prejudice plays a relevant role in the analysis (id. at 155).
The Record Refutes Defendant’s Unsupported Assertions
“It is well settled that a guilty plea will be upheld if it was entered knowingly, voluntarily and with an understanding of the consequences thereof (see, People v Moissett, 76 NY2d 909, 910-911), especially when the defendant makes a complete factual allocution in the presence of counsel and after the trial court apprises the defendant of the consequences of his plea . . . .” (People v Hanley, 255 AD2d 837, 837 [3d Dept 1998], lv denied 92 NY2d 1050 [1999].)
*796 Such are the circumstances in the present case.
The underlying record demonstrates, beyond cavil, that defendant was expressly informed by the court of the potential for adverse immigration consequences during the plea proceedings in open court on December 13, 2009, prior to her entry of her pleas of guilty (see People’s exhibit A, passim). Thus, even were we to credit defendant’s unsubstantiated assertion of counsel misinformation prior to the proceedings, there can be no legitimate ground for withdrawal of the pleas in these cases since, at bottom, defendant was ultimately made fully aware of the potential for adverse immigration consequences prior to her pleas during the proceedings (e.g. Ellington v United States, 2010 WL 1631497, 2010 US Dist LEXIS 38943 [SD NY, Apr. 20, 2010, No. 09 Civ 4539(HB)] [where the defendant was informed of the immigration consequences of the guilty plea at the plea proceeding, any prior failure by defendant’s counsel to properly inform is of no consequence]; People v Rampersaud, 121 AD3d 721 [2d Dept 2014] [same]; People v Kidd, 31 Misc 3d 1235[A], 2011 NY Slip Op 51000[U] [Sup Ct, Westchester County 2011] [same]).
In addition, defendant declared in open court during the plea proceeding that she fully discussed the matter with her counsel to her satisfaction (People’s exhibit A at 4; see People v Griffin, 89 AD3d 1235 [3d Dept 2011]), and proceeded to proffer a full allocution to the facts of the offenses to which she was pleading guilty (People’s exhibit A at 6; see Griffin; see also People v Falas, 286 AD2d 651 [1st Dept 2001], lv denied 97 NY2d 728 [2002]; People v Rentas, 193 AD2d 565 [1st Dept 1993], lv denied 82 NY2d 725 [1993]).
Defendant cannot overcome the presumptive validity of her plea convictions absent substantial evidence to the contrary (People v Harris, 61 NY2d 9 [1983]). On the record cited above, defendant does not remotely approach her burden to overcome such presumption.
Defendant Alleges No Tangible Adverse Consequence of Her Pleas
Defendant does not allege that she has actually suffered any adverse immigration consequence resulting from her plea convictions—green card related or otherwise. Defendant merely points to a USCIS form given to her by an unidentified immigration attorney, unrelated to her personally, informing the public of adverse visa and admission consequences attaching to persons convicted of crimes of moral turpitude.
*797 The referenced USCIS form cites to 8 USC § 1182, which provides, in pertinent part:
“Except as otherwise provided in this chapter, aliens who are inadmissible under the following paragraphs are ineligible to receive visas and ineligible to be admitted to the United States: . . . any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . .a crime involving moral turpitude . . . (8 USC § 1182 [a] [2] [A] [i] [I].)
A diligent search has uncovered no cases in this state or federal jurisdiction in which Penal Law § 275.35 (failure to disclose the origin of a recording in the second degree) has been found to constitute a crime of moral turpitude, nor has movant’s present counsel directed the court to the existence of any such case. But even with regard to Penal Law § 165.71 (trademark counterfeiting in the third degree), which has been found to involve moral turpitude by the U.S. Board of Immigration Appeals (see In re: Serigne Mbacke Sylla, 2008 WL 4222204 [BIA, Aug. 29, 2008, File No. A092 005 327]), defendant may very well be eligible for the express exception set forth in 8 USC § 1182 (a) (2) (A) (ii) (II), which excepts a qualifying crime from adverse immigration consequence if its maximum penalty does not exceed imprisonment for one year and the defendant’s sentence for same was not imprisonment in excess of six months. Both of the judgments that defendant is seeking to vacate are for class A misdemeanors, for which the maximum term of imprisonment is one year (Penal Law § 70.15 [1]). Moreover, her sentences for both convictions were time served, far below the six-month imprisonment threshold. Accordingly, the convictions at issue may very well not carry any adverse immigration consequence, at all, contrary to defendant’s unrealized fears (see People v Delacruz, 2011 NY Slip Op 33588[U], *5 [Sup Ct, Kings County, Dec. 5, 2011] [“defendant has not faced immigration consequences. He faces only the possibility of immigration consequences”]). Absent any showing by defendant of any tangible adverse immigration consequence whatsoever, she has failed to meet her burden to overcome the presumptive validity of her guilty pleas.[2] This is especially so in light of the plea court’s explicit and thorough allocution, *798 informing defendant of the possibility of adverse immigration consequences attendant to pleas of guilty in the underlying case, and in light of defendant’s full allocution to the subject offenses (see People’s exhibit A, passim). What remains is that defendant’s plea convictions are presumed valid absent substantial evidence to the contrary (Harris).
Denial Pursuant to CPL 440.30 (4) (d)
Pursuant to CPL 440.30 (4) (d), the court may deny, without a hearing, a CPL 440.10 or 440.20 motion if
“[a]n allegation of fact essential to support the motion (i) is contradicted by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true.”
“To obtain a hearing on a motion to vacate a judgment of conviction, it is the defendant’s burden as movant to come forward with allegations that raise a triable issue of fact sufficient to challenge the presumed validity of a judgment of conviction (see People v Session, 34 NY2d 254, 255-256 [1974]; People v Bacchi, 186 AD2d 663, 664-665 [1992]). Mere conclusory allegations of ultimate facts are insufficient to warrant a hearing (see People v Brown, 56 NY2d 242, 246-247 [1982]; see also People v Broxton, 34 AD3d 491, 492 [2006]). Here, the defendant’s claim of ineffective assistance of trial counsel was largely based upon unsubstantiated conclusory allegations and, thus, his motion pursuant to CPL 440.10 was properly denied without a hearing (see People v Brown, 56 NY2d at 246-247; People v Session, 34 NY2d at 256; People v Coleman, 37 AD3d 491 [2007]; People v Broxton, 34 AD3d at 492; People v LaPella, 185 AD2d 861, 862 [1992]).” (People v Waymon, 65 AD3d 708, 709 [2d Dept 2009], lv denied 13 NY3d 863 [2009].)
Similarly, the First Department has held, where “defendant merely submitted his own affidavit and that of his . . . at *799 torney, who had no personal knowledge of the facts” and “was unsupported by any other affidavits or evidence,” the trial court properly denied a motion to vacate a judgment pursuant to CPL 440.10 (People v Taylor, 211 AD2d 603, 603 [1st Dept 1995], lv denied 85 NY2d 981 [1995]; see also People v Woodard, 23 AD3d 771, 772 [3d Dept 2005] [where the defendant’s affidavit, “the sole proof submitted in support of his motion, contained only conclusory generic allegations,” the trial court properly denied the motion without a hearing], lv denied 6 NY3d 782 [2006]; People v Sayles, 17 AD3d 924 [3d Dept 2005] [trial court properly denied motion without a hearing where the defendant’s allegations were contradicted by the record], lv denied 5 NY3d 794 [2005]).
In the present case, defendant’s affidavit is the sole proof submitted in support of the motion. Defendant has not provided any affirmation from her former attorney or other independent evidence. Nor has she provided any explanation of why any such affirmation or evidence was not attempted to be procured or procured. Moreover, as shown above, defendant’s premise of not being informed of immigration consequences is absolutely contradicted by the record, in which it is shown that the plea court explicitly and thoroughly informed defendant of such consequences (see People’s exhibit A at 4-5).
Moreover, there is no reasonable probability that defendant would not have pleaded guilty as she did, under any circumstances. Convictions for the misdemeanors with which defendant was charged could have resulted in jail sentences of one year for each charge. The information in the second captioned case was affirmed by the arresting police officer, who attested that he personally witnessed defendant selling the contraband items underlying that case, and other unlawful actions by defendant alleged in the information.[3] As the record demonstrates, defendant desperately desired to avoid jail time due to her desire to remain with her three minor children (People’s exhibit A at 2-3). Those realities formed the basis for defendant’s informed decision to go forward with her guilty pleas in exchange for the generous sentences of time already served {id.). Under such circumstances, defendant has not credibly met her burden to show that she would not have gone forward with the plea deal, but for some alleged failure by her lawyer to inform her of a potential green card problem or other such *800 immigration-related consequence (see e.g. People v Robles-Mejia, 27 Misc 3d 1219[A], 2010 NY Slip Op 50808[U] [Sup Ct, Bronx County 2010] [defendant’s overriding concern was avoiding jail]; People v Delacruz, 2010 NY Slip Op 32686[U] [Sup Ct, Kings County, Sept. 13, 2010] [same]). Accordingly, defendant’s motion is denied pursuant to CPL 440.30.
Defendant’s Motion is Untimely
Defendant pleaded guilty in December 2009—over six years ago. Unreasonable delay merits denial of the motion (e.g. People v Friedgood, 58 NY2d 467 [1983]; People v Nixon, 21 NY2d 338 [1967], cert denied 393 US 1067 [1969]; People v Melio, 304 AD2d 247 [2d Dept 2003]; People v Hanley, 255 AD2d 837 [3d Dept 1998], lv denied 92 NY2d 1050 [1999]).
Conclusion
Plea counsel’s representation must be “viewed in totality . . . .” (Baldi at 147.) Here, (i) defendant was apprised by the plea court of the possibility of adverse immigration consequences; (ii) no actual, definite, tangible, adverse immigration consequence has been shown to result from defendant’s guilty pleas; and (iii) defendant’s plea deal was rationally and strategically premised upon an objective analysis of the strength of the People’s case and defendant’s desperate desire to avoid two full-year jail sentences through the expedient of pleading guilty in exchange for immediate release to the resumption of her duties as a mother of three minor children.[4] Under such circumstances, the court finds that defendant has failed to show plea counsel deficiency; prejudice, even in the face of alleged counsel deficiency; or anything remotely approaching a lack of meaningful representation by her plea counsel, given the realities of the cases against her and her personal desire to extricate herself from the risk of incarceration.
For all these reasons, defendant’s motion is denied in all respects.

. The defendant in both matters is the same person. On December 13, 2009, defendant confirmed in open court in the first captioned case that her true name is Sandra Guarnan (People’s exhibit A at 3). Moreover, her moving affidavit identifies herself as such. The information in the second captioned case alleges that defendant gave multiple names to the arresting officer, first *794 stating her name as Eliana Matute, and later stating that “[w]henever I get stopped by the police, I give a different name, but my name is Carla Criolla.”

. As observed earlier, defendant does not even allege that she applied for, or was denied, a green card application, or that any removal proceedings were ever commenced against her. In this vein, it is worth noting that the *798 U.S. Supreme Court’s landmark holding in Padilla v Kentucky (559 US 356 [2010]), recognizing post-conviction relief for failure to properly inform of immigration consequences, related to extreme consequences such as deportation, analogized by the Court to “banishment or exile” (id. at 373). It did not involve as collateral a consequence as the possible denial of a green card application (see also People v Floyd F., 35 Misc 3d 1215[A], 2012 NY Slip Op 50713[U] [Crim Ct, Kings County 2012]).

. Defendant admitted to all the accusations underlying the charges pleaded to in both instant cases (see People’s exhibit A at 6).

. Moreover, as shown, (i) defendant submits no independent evidence of plea counsel deficiency; (ii) nothing less collateral than a fear of green card denial has been asserted by defendant; and (iii) defendant lingered for more than six years before bringing this motion.