◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLYN A. CAMPBELL, Appellant. [48 NYS3d 719]—Appeal by the defendant, by permission, from an order of the Supreme Court, Nassau County (Corrigan, J.), dated April 3, 2014, which, without a hearing, denied his motion, inter alia, pursuant to CPL 440.10 to vacate a judgment of the County Court, Nassau County (Mogil, J.), rendered January 31, 1996, convicting him of sodomy in the first degree (three counts), sexual abuse in the first degree (four counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

The Supreme Court properly denied, without a hearing, the defendant's motion, inter alia, pursuant to CPL 440.10 to vacate his judgment of conviction.

The defendant's claim that the trial court improperly granted the People's peremptory challenge to a nonwhite juror is based on matter in the record of the direct appeal and should have been raised on direct appeal (*see* CPL 440.10 [2] [c]).

Similarly, the facts relevant to the defendant's contentions

that judicial misconduct deprived him of a fair trial appear in the record of the direct appeal and should have been raised on direct appeal (*see* CPL 440.10 [2] [c]; *People v Degondea*, 3 AD3d 148, 165 [2003]). Insofar as these contentions were raised on direct appeal, they must be rejected here as they were previously determined on the merits (*see* CPL 440.10 [2] [a]).

In moving to vacate a judgment of conviction, a defendant must "come forward with allegations that raise a triable issue of fact sufficient to challenge the presumed validity of a judgment of conviction" (*People v Waymon*, 65 AD3d 708, 709 [2009]; *see* CPL 440.10, 440.30 [4] [d] [i]; *People v Session*, 34 NY2d 254, 256 [1974]). "Mere conclusory allegations of ultimate facts are insufficient to warrant a hearing" (*People v Waymon*, 65 AD3d at 709; *see People v Wright*, 27 NY3d 516, 521 [2016]; *People v Brown*, 56 NY2d 242, 246-247 [1982]). Here, the defendant's claim of ineffective assistance of counsel was based upon unsubstantiated and conclusory allegations and, thus, that branch of his motion which was to vacate his judgment of conviction on the ground of ineffective assistance of counsel was properly denied without a hearing (*see People v Vasquez*, 134 AD3d 742, 744 [2015]; *People v Hayes*, 120 AD3d 711, 712 [2014]; *People v Waymon*, 65 AD3d at 709). Eng, P.J., Leventhal, Cohen and Duffy, JJ., concur.