People v Mallet (2019 NY Slip Op 00376)





People v Mallet


2019 NY Slip Op 00376


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Friedman, J.P., Kapnick, Gesmer, Oing, Moulton, JJ.


8147 7180/96

[*1]The People of the State of New York, Respondent,
v
Antonio Mallet, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Matthew Bova of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Chamoy of counsel), for respondent.



Order, Supreme Court, Bronx County (April A. Newbauer, J.), entered on or about April 2, 2015, which denied defendant's pro se motion to vacate a judgment of conviction rendered September 23, 1999, unanimously affirmed.
The court providently exercised its discretion in denying defendant's motion to vacate his conviction based on newly discovered evidence or actual innocence. Both claims failed because they were not supported by any sworn, nonhearsay allegations by the source of the proffered new evidence, who was the sole eyewitness who testified at trial (see People v Jimenez, 142 AD3d 149, 156 [1st Dept 2016]; see also CPL 440.30[1][a]). In addition, the motion was not made with due diligence. Although there was already a pending motion to vacate the instant judgment, it was filed years after the discovery of the alleged new evidence without any valid excuse for this delay (see e.g. People v Friedgood, 58 NY2d 467, 470-71 [1983]; People v Stuart, 123 AD2d 46, 54 [1986]; see also CPL 440.10[1][g]). In any event, the witness's statements did not establish that the alleged new evidence "will probably change the result if a new trial is granted" (People v Salemi, 309 NY 208, 216 [1955], cert denied 350 US 950 [1956]), or that defendant is actually innocent (see generally Jimenez, 142 AD3d at 155).
The court also providently exercised its discretion in declining to hold a hearing on the motion to vacate, because the motion was not supported by "sworn allegations substantiating or tending to substantiate all the essential facts" (CPL 440.30[4][b]), and defendant otherwise failed to present any grounds warranting a hearing (CPL 440.30[4][a]).
We have considered and rejected defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK