People v Clemmons (2019 NY Slip Op 08422)





People v Clemmons


2019 NY Slip Op 08422


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-04878
 (Ind. No. 31/07)

[*1]The People of the State of New York, respondent,
v
Andre Clemmons, appellant.


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Joan H. McCarthy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the County Court, Dutchess County (Peter M. Forman, J.), dated March 6, 2018, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Gerald V. Hayes, J.), rendered March 17, 2008, convicting him of murder in the second degree, attempted robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and manslaughter in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
We agree with the County Court's determination to deny, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction (see generally People v Vasquez, 134 AD3d 742). "In moving to vacate a judgment of conviction, a defendant must come forward with allegations that raise a triable issue of fact sufficient to challenge the presumed validity of a judgment of conviction.'" (People v Campbell, 148 AD3d 821, 822, quoting People v Waymon, 65 AD3d 708, 709; see CPL 440.10). "Mere conclusory allegations of ultimate facts are insufficient to warrant a hearing" (People v Waymon, 65 AD3d at 709). Here, the defendant's contention that his conviction was procured by fraud and misrepresentation on the part of the prosecutor was based upon unsubstantiated and conclusory allegations. Furthermore, to the extent that the defendant contends that alleged new evidence exists which warrants vacatur of his conviction, he failed to demonstrate that his motion was made with due diligence following the discovery of the purportedly new evidence (see CPL 440.10[1][g]; People v Kandekore, 300 AD2d 318; People v Stuart, 123 AD2d 46).
MASTRO, J.P., LEVENTHAL, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court